# Supreme Court of Florida

_____

No. SC12-1223
_____

**SHIMEEKA DAQUIEL GRIDINE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[March 19, 2015]

PERRY, J.

This case is before the Court for review of the decision of the First District Court of Appeal in Gridine v. State, 93 So. 3d 360 (Fla. 1st DCA 2012). In its decision, the district court certified the following question as one of great public importance:

> DOES THE UNITED STATES SUPREME COURT DECISION IN
> GRAHAM V. FLORIDA, 560 U.S. 48 (2010), PROHIBIT
> SENTENCING A FOURTEEN–YEAR–OLD TO A PRISON
> SENTENCE OF SEVENTY YEARS FOR THE CRIME OF
> ATTEMPTED FIRST–DEGREE MURDER?

Id. at 361 (parallel citations omitted). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

For the reasons that we explained in Henry v. State, No. SC12-578, slip op. at 9-10, we determine that the seventy-year prison sentence of this juvenile nonhomicide offender does not provide a meaningful opportunity for future release. Therefore, Gridine's prison sentence is unconstitutional in light of Graham. Accordingly, we answer the certified question in the affirmative, quash the decision on review, and remand this case to Gridine's sentencing court.

## BACKGROUND AND PROCEDURAL HISTORY

On April 21, 2009, when Gridine was fourteen years old, he was charged as an adult with attempted first-degree murder, attempted armed robbery, and aggravated battery. Without entering into any agreement with the State regarding his sentencing, Gridine pleaded guilty to all three counts. The trial court accepted Gridine's pleas[1] and adjudicated him guilty as charged.[2] The trial court imposed prison terms of seventy years for the attempted first-degree murder conviction, and twenty-five years for the attempted armed robbery conviction. Both of Gridine's

---

1. At some point before the trial court sentenced Gridine, the State nolle prossed the aggravated battery charge.

2. The trial court set a date for sentencing and ordered a joint report in which the Florida Department of Corrections was to prepare the presentencing investigation (PSI) portion, and the Florida Department of Juvenile Justice was to prepare the predisposition portion. The Departments' joint report recommended that the trial court impose a youthful offender sentence of six years in prison, followed by three years of probation.

sentences were imposed with minimum mandatory prison terms of twenty-five years.

Gridine appealed his convictions and sentences to the First District Court of Appeal. However, before filing an initial brief with the First District, Gridine filed a motion with the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In his motion, Gridine argued that the sentence of seventy years with a twenty-five-year minimum mandatory prison term for the attempted first-degree murder conviction was a de facto life sentence on a juvenile in a nonhomicide case. He also argued that under the rationale of Graham, his seventy-year prison sentence constituted cruel and unusual punishment that is prohibited by the Eighth Amendment to the United States Constitution and the comparable provision under article I, section 17, Florida Constitution.

The trial court heard Gridine's argument on the motion and denied all of the requested relief. The trial court later entered an Order Denying Defendant's Motion to Correct Sentencing Error, which included the following pertinent points:

> Even assuming arguendo Graham were to apply in this case at bar, the Defendant is not – by law – afforded [certain] categorical protection in light of the nature [of] his crimes and the clear intent of his actions. Further, by the Graham Court's own reasoning, the defendant does not enjoy the diminished culpability of Graham because he had a clear and premeditated intent to kill. Indeed, his intent to kill is memorialized forever in full color.
>
> Just because this juvenile defendant failed in his criminal and deadly endeavor does not preclude this Court from sentencing the defendant commensurate with the Defendant's intent – the same intent

- 3 -

possessed by a juvenile murderer. Thus, the Court finds that the Defendant's sentence of 70 years imprisonment, with a 25-year minimum mandatory sentence, as to Count One, Attempted Murder in the First Degree, is both legal and appropriate.

State v. Gridine, No. 09-6473 (Fla. 4th Cir. Ct. Mar. 18, 2011) (emphasis in original).

The First District affirmed the trial court's order, concluding that Graham does not apply in Gridine's case. Gridine v. State, 89 So. 3d 909, 910 (Fla. 1st DCA 2011) ("In its order denying the motion, the trial court found Graham inapplicable to Mr. Gridine's situation on grounds that he did not face a life sentence without the possibility of parole. We agree."). Gridine moved the district court for rehearing and certification. The First District denied Gridine's motion for rehearing, but granted his motion to certify to this Court a question of great public importance.

## ANALYSIS

### Standard of Review

The certified question of great public importance before this Court is subject to de novo review because there are no disputed facts concerning whether Gridine was a juvenile nonhomicide offender at the time he committed attempted first-degree murder and attempted robbery with a firearm in Duval County. See Haygood v. State, 109 So. 3d 735, 739 (Fla. 2013) ("The certified question

- 4 -

presented by the district court is solely a legal question.  Thus, this Court's review is de novo.").

**Merits**

In Graham, the Supreme Court explicitly stated that its precedent addressed that "defendants who do not kill, intend to kill, or foresee that life will be taken are categorically less deserving of the most serious forms of punishment than are murderers."  Graham, 560 U.S. at 69.  The Supreme Court explained that "[t]here is a line between homicide and other serious violent offenses against the individual [and that] [s]erious nonhomicide crimes may be devastating in their harm . . . but . . . they cannot be compared to murder in their severity and irrevocability."  Id. (quoting Kennedy v. Louisiana, 554 U.S. 407, 437-38 (2008)) (internal quotation marks omitted).

The State argues that Gridine's attempted first-degree murder conviction should be construed as a homicide offense, which would negate the application of the Graham standard in this case.  We disagree.  Long-standing precedent unambiguously instructs that attempted first-degree murder is deemed a nonhomicide offense under Florida law.  See Tipton v. State, 97 So. 2d 277, 281 (Fla. 1957) ("[U]nder the Florida homicide statute . . . [i]t is necessary for the act to result in the death of a human being under the definition of homicide."); see also Manuel v. State, 48 So. 3d 94, 97 (Fla. 2d DCA 2010) ("[S]imple logic dictates

- 5 -

that attempted murder is a nonhomicide offense because death, by definition, has not occurred. . . . Thus, we are compelled to conclude that Mr. Manuel's attempted murder conviction is a 'nonhomicide' offense under both Tipton and Graham.").

Because attempted first-degree murder is a nonhomicide offense, we find that Graham is applicable to this case. Therefore, we declare that his seventy-year prison sentence is unconstitutional because it fails to provide him with a meaningful opportunity for early release based upon a demonstration of his maturity and rehabilitation. See Graham, 560 U.S. at 75; Henry, slip op. at 9-10.

## CONCLUSION

We hereby quash the First District's decision to the extent it affirmed the trial court's seventy-year prison sentence imposed on Gridine without affording him a meaningful opportunity for early release in the future. Furthermore, we remand Gridine's case to the sentencing court to conduct proceedings in accordance with Henry.

It is so ordered.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

First District - Case No. 1D10-2517

(Duval County)

Nancy Ann Daniels, Public Defender, and Gail Elizabeth Anderson, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Assistant Attorney General, and Kellie Anne Nielan, Assistant Attorney General, Daytona Beach, Florida,

    for Respondent

Bryan Scott Gowdy of Creed & Gowdy, P.A., Jacksonville, Florida,

    for Amicus Curiae Florida Association of Criminal Defense Lawyers

Marsha L. Levick, Juvenile Law Center, Philadelphia, Pennsylvania; and George E. Schulz, Jr., of Holland & Knight, Jacksonville, Florida,

    for Amicus Curiae Juvenile Law Center