WINOKUR, J.,
concurring.
I concur in the majority opinion. I write- separately because I see no compelling reason to overturn five years of constitutional,[2] legally-authorized' resentences imposed following Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). That would be- thé result if Kelsey prevailed in this appeal.
While Kelsey’s original sentence violated Graham, rather than Miller v. Alabama, —- U.S. —132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), Miller is the starting point of this analysis. Miller prohibits a mandatory life without parole sentence, for an offense committed by a juvenile. Miller presented a significant difficulty in Florida because, as the majority opinion notes, no valid remedy on resentencing was available. The Florida Supreme Court resolved the matter in Horsley v. State, 160 So.3d 393 (Fla.2015). Under the “unique” (a term the Court'used four times) circumstances presented by- offenders whose sentences were unconstitutional but had no legal resentencing alternatives available, the Court ordered the extraordinary remedy of retroactive application of a new sentencing law, despite that law’s terms limiting its application to. offenses “committed on or after July 1, 2014.” Ch. 2014-220, §§ 2, 3, at 2872-73, Laws of Fla. (codified at §§ 921.1401(1); 92.1.1402(1), Fla. Stat. (2014)). In reaching this conclusion, the Court rejected the argument that this remedy violated Article X, section 9 of the Florida Constitution, the so-called “Savings Clause,” (generally prohibiting the retroactive application .of a sentencing law), because “in this unique context” where the sentencing statute itself is unconstitutional, “the requirements of the federal constitution must trump those of *443 our state constitution.” Horsley, 160 So.3d at 406.
Thomas v. State, 40 Fla. L. Weekly S479f, 2016 WL 6178605 (Fla. Sept. 4, 2015), a case on which the dissent heavily relies, involved an offender whose life sentence violated Miller. The trial court re-sentenced Thomas to concurrent 40- and 30-year terms of imprisonment, which this Court affirmed prior to the Horsley decision. Thomas v. State, 135 So.3d 590 (Fla. 1st DCA 2014). In a two-sentence unpublished order, the Supreme Court quashed this Court’s decision and ordered resen-tencing “in conformance, with the framework established in chapter 2014-220, Laws of Florida,” consistent with its opinion in Horsley. Thomas, 40 Fla. L. Weekly at S479.
Im my view the Thomas order only recognizes that the 40-year resentence was impermissible. The sentencing court could not simply choose a sentence without statutory authority in an effort to comply with Miller[3] Because the Supreme Court had already ruled in Horsley that the proper resolution was retroactive application of the 2014 sentencing law, the defendant in Thomas was entitled to that remedy.
Kelsey’s resentence, in contrast to Thomas’s, was both constitutional and statutorily authorized.[4] Retroactive application of the 2014 law to Kelsey would mean that every Graham defendant who has been resentenced since Graham was decided in 2010 gets a second resentenc-ing, even though the first resentence was consistent with Graham and applicable sentencing statutes. Given the “unique circumstances” occasioning the retroactive application of the 2014 law in Horsley, I do not believe that the Supreme Court meant to disrupt the finality of legal sentences imposed years earlier by applying a later-enacted law to them.
I recognize that the Supreme Court in Henry v. State, 175 So.3d 675, 680 (Fla.2015), ruled that Henry, a Graham defendant, should be resentenced under the 2014 law, even though the “unique circumstances” present with Miller defendants do not seem to be present with Graham defendants. See also Gridine v. State, 175 So.3d 672 (Fla.2015) (holding that Graham prohibits a 70-year sentence for a juvenile nonhomicide offender). In my view Henry does not apply to Kelsey because Henry’s 90-year sentence (as well as Gridine’s 70-year sentence) violated the Eighth Amendment pursuant to Graham. While Kelsey’s original sentence violated Graham, his current sentence does not. Cf. Horsley, 160 So.3d at 394 n. 1, 397 (noting that the issue presented there was the proper remedy for sentences that are “now unconstitutional” under Miller (emphasis added)). As stated above, no compelling reason exists to overturn Kelsey’s constitutional, statutorily-authorized resentence. I would limit the Henry remedy to defendants whose current sentences violate Graham, which generally means any sentence that is so long that it does not afford the offender an “opportunity for release based oh demonstrated maturity and reha *444 bilitation during his or her natural life.” Henry, 175 So.3d at 679. Any other interpretation unnecessarily erodes the finality of sentences that were legally imposed and in compliance with Graham.
In summary, I find that neither Henry nor Thomas supports resentencing here. Henry was permitted resentencing under the 2014 law because his sentence , was unconstitutional. Thomas was permitted resentencing under the 2014 law not because his first resentence was unconstitutional, but because it was not statutorily authorized. Because Kelsey’s resentence is both constitutional and statutorily authorized, neither case applies and he is not entitled to a second resentencing. Accordingly, I concur in the majority opinion.

. I am presuming that Kelsey's 45-year sentence is constitutional under Graham. My Opinion- addresses the issue of whether Kelsey is entitled to a second resentencing pursuant to the 2014 sentencing statute because his original sentence violated Graham.

. The Supreme Court said as much in Hors-ley, ruling that such sentences "ignore the primary role of the Legislature in criminal sentencing by crafting a remedy without a statutory basis." Horsley, 160 So.3d at 405.

. Sexual battery is a life felony, punishable by a term of imprisonment for life or by imprisonment for a term of years not exceeding life imprisonment. §§ 794.011(3); 775.082(3)(a)3., Fla. Stat. (2002). Armed robbery, and armed burglary with an assault or battery, are first-degree felonies punishable by imprisonment for a term of years not exceeding life imprisonment. . §§ 812.13(2)(a); 810.02(2)(a) & (b); 775.082(3)(b), Fla. Stat. (2002).