NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENDRICK D. MORRIS,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )     Case No. 2D11-2665
                                       )              2D13-5682
STATE OF FLORIDA,                      )
                                       )     <u>CONSOLIDATED</u>
          Appellee.                    )
_____   )

Opinion filed August 21, 2015.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender,
and Terri L. Backhus, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

          Kendrick Morris challenges his convictions and sentences in two separate

cases.  We have consolidated the cases for review.

In case number 2008-CF-9210 (the Day Care case), Morris was found guilty of burglary of a structure with assault or battery while armed, a life felony; attempted robbery with a deadly weapon with a jury finding that Morris wore a mask, a first-degree felony; sexual battery, a second-degree felony; and attempted battery, a first-degree misdemeanor. He was fifteen years old when he committed these crimes.

Morris was sentenced to sixty-five years in prison on the armed burglary conviction, thirty years on the attempted robbery conviction, fifteen years on the sexual battery conviction, and time served on the attempted battery conviction. His sentences are to be served concurrently to one another and to the sentences imposed in case number 2008-CF-9208.

In case number 2008-CF-9208 (the Library case), Morris was convicted of kidnapping with the intent to commit a felony, a first-degree felony punishable by life in prison; two counts of sexual battery with force causing injury, life felonies; and aggravated battery causing great bodily harm, a second-degree felony. Morris was sixteen years old when he committed these crimes.

He was sentenced to sixty-five years in prison on the kidnapping conviction, sixty-five years on each of the sexual battery convictions, and fifteen years on the aggravated battery conviction, with all sentences to be served concurrently.

We affirm Morris's convictions in both cases without comment. We also affirm Morris's sentences for aggravated battery causing great bodily harm, attempted robbery with a deadly weapon, sexual battery, and attempted battery without comment. However, in light of recent decisions of the Florida Supreme Court addressing juvenile life and lengthy term-of-years sentences and the applicability of section 921.1402,

Florida Statutes (2014), we reverse Morris's sixty-five-year sentences for the armed burglary conviction in case 2008-CF-9210 and for the kidnapping and two sexual battery convictions in case number 2008-CF-9208.

These cases were tried separately and the following evidence was introduced:

In the Day Care case, the crimes occurred in the early morning of June 28, 2007, at a Hillsborough County day care. Arriving just after 5 a.m., the victim was the first employee at the day care. As she was closing the door after unlocking and entering the building, a man appeared wearing a ski mask and gloves and holding a knife. He prevented the victim from closing the door. Once inside the day care, the man told the victim to get down on the floor and he demanded money. He then told her to take off her clothes, and he raped her.

A coworker arrived, found the door locked, and began knocking. When no one answered, she went to the side window and saw a man dressed in black, wearing a black mask. She then ran to a nearby home and called the police.

The victim was examined, and evidence of sexual assault was collected. The DNA evidence produced a profile of the assailant, which was uploaded to the Combined DNA Index System (CODIS). However, police were unable to identify the assailant.

In the Library case, the crimes occurred just after 10 p.m. on April 24, 2008, at the Bloomingdale Public Library. The victim was returning books in the after-hours depository while talking on her cell phone with a friend. The victim told her friend she saw a "weird guy," and at 10:15 p.m. the friend heard screaming and the phone call

was disconnected. The victim's car was found at the library with the doors open and lights on, and 911 was called at 10:42 p.m.

When a Hillsborough County Sheriff's deputy arrived on the scene, he found an unoccupied vehicle, a broken cell phone on the ground near the driver's side door, and blood spatter. The victim was found at the back of the library; she was unresponsive, having suffered major injuries including a front cranial fracture, a fractured right orbital socket, and injuries from sexual battery. She was airlifted to a hospital.

After the juries returned guilty verdicts in both cases, the trial court sentenced Morris on all charges at one sentencing hearing. At that hearing, both the defense and the State presented well-reasoned and articulate arguments as to the sentences the court should impose. The defense focused on Morris's age and background; the State focused on the premeditated nature of some of the acts and on the severity of the crimes.

In sentencing Morris to sixty-five-year terms of imprisonment on the life and punishable by life felonies, the trial court acknowledged that it could not impose life sentences on the otherwise eligible convictions due to the United States Supreme Court's holding in Graham v. Florida, 560 U.S. 48, 82 (2010). The court stated, however, that if ever a set of facts called for sentencing a juvenile to life imprisonment, these were the cases. In so stating, the court emphasized the injuries suffered by the victims, specifically noting that the victim in the Library case would likely never walk again, never see again, and never talk again. The court also acknowledged Morris's background and that Morris was a victim of abuse.

On appeal, Morris argues that the court erred in sentencing him to sixty-five-year prison terms because those sentences are the functional equivalent of life without parole and thus violate the reasoning of Graham.

In Henry v. State, 40 Fla. L. Weekly S147, S150 (Fla. Mar. 19, 2015), the Florida Supreme Court acknowledged "that Graham prohibits the state trial courts from sentencing juvenile nonhomicide offenders to prison terms that ensure these offenders will be imprisoned without obtaining a meaningful opportunity to obtain future early release during their natural lives based on their demonstrated maturity and rehabilitation."  Accordingly, the court concluded that Henry's aggregate ninety-year sentence was unconstitutional.  Id.  The court also noted that two of Florida's District Courts of Appeal had been applying Graham to juvenile nonhomicide offenders' sentences on a case-by-case basis.  Id. (comparing Thomas v. State, 78 So. 3d 644 (Fla. 1st DCA 2011) (affirming concurrent fifty-year sentences), and Reynolds v. State, 116 So. 3d 558 (Fla. 3d DCA 2013) (affirming concurrent fifty and thirty-year sentences), with Floyd v. State, 87 So. 3d 45 (Fla. 1st DCA 2012) (reversing consecutive forty-year sentences), and Adams v. State, 37 Fla. L. Weekly D1865 (Fla. 1st DCA Aug. 8, 2012) (reversing sentence requiring imprisonment for at least fifty-eight and one-half years because the sentence exceeded the offender's life expectancy)).

On the same day the Henry opinion issued, the Florida Supreme Court also issued Gridine v. State, 40 Fla. L. Weekly S149, S150 (Fla. Mar. 19, 2015), in which the court held that a seventy-year sentence imposed on a juvenile who was fourteen years old at the time he was charged was "unconstitutional because it fail[ed] to provide [the juvenile] with a meaningful opportunity for early release based upon a

- 5 -

demonstration of his maturity and rehabilitation."  The court did not discuss Gridine's life expectancy or statistics or evidence of life-expectancy presented by Gridine or the State at sentencing, but it is clear that a juvenile's life expectancy is relevant to the determination of whether a lengthy term-of-years sentence is constitutional.  Compare Lane v. State, 151 So. 3d 20, 21 n.2 (Fla. 1st DCA 2014) (noting that the State objected to appellant's argument regarding life expectancy because the documents were not admitted into evidence but not making any findings as to appellant's life expectancy), with Adams, 37 Fla. L. Weekly at D1866, D1866 n.5 (stating that "[a]ppellant's sentence will require him to serve at least 58.5 years in prison, which means he will not be released until he is nearly [seventy-six] years old.  This exceeds his life expectancy, as reflected in the National Vital Statistics Reports from the federal Centers for Disease Control and Prevention cited by [a]ppellant" and noting that ''[t]he State did not dispute . . . [a]ppellant's projected life expectancy"), and Floyd, 87 So. 3d at 47 ("[C]ommon sense dictates that Appellant's eighty-year sentence, which, according to the statistics cited by Appellant, is longer than his life expectancy, is the functional equivalent of a life without parole sentence and will not provide him with a meaningful or realistic opportunity to obtain release.").

Although this case differs from Gridine in that Morris was sixteen when he was charged and nineteen when he was sentenced, the difference between the respective ages and sentences of Gridine and Morris is inconsequential.  Additionally, at sentencing both Morris and the State presented evidence of Morris's life expectancy.  The statistics and evidence established that a sixty-five-year sentence does not provide

Morris with a meaningful opportunity for release.  As such, we are bound by <u>Henry</u> and <u>Gridine</u> and must reverse Morris's sixty-five-year sentences.

On remand, Morris must be resentenced under the provisions of chapter 2014-220, Laws of Florida, in conformance with the holdings of <u>Henry</u> and <u>Horsley v. State</u>, 160 So. 3d 393 (Fla. 2015), which determined that chapter 2014-220 is applicable to all juvenile offenders whose sentences are unconstitutional under <u>Miller</u> and <u>Graham</u>.  <u>See</u> §§ 775.082, 921.1401, 921.1402, Fla. Stat. (2014).  We note that under these provisions, Morris now "may be sentenced to life imprisonment if the trial court, after considering the specified factors during an individualized sentencing hearing, determines that a life sentence is appropriate."  <u>See</u> <u>Horsley</u>, 160 So. 3d at 404; <u>see also</u> § 775.082(3)(c).

Affirmed in part; reversed in part; remanded with instructions.

WALLACE and SALARIO, JJ., Concur.