ON MOTION FOR REHEARING

PALMER, J.
Upon review of the motion for rehearing filed by the State of Florida, we withdraw the previous opinion issued on July 13, 2015, and substitute this'opinion in.its place.
Johnny Barnes (the defendant) timely appeals his sentences, which were entered by the trial court following a jury verdict. The defendant was convicted, as an adult, of multiple counts of the following crimes which were committed when he was a ju-venilé: aggravated battery with a firearm, aggravated assault with a firearm, carrying a concealed firearm, and resisting an officer without violence. The charges arose after the defendant was accused of firing a gun during a house party, injuring nine people. The defendant was sentenced to a total of sixty years in prison.
The defendant raises two issues on appeal, only one of which merits discussion. Citing Graham, v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (holding that sentencing a juvenile offender to life without parole for non-homicide crimes violates the Eighth Amendment), the defendant contends that his sixty-year prison sentences are unconstitutional because his convictions were for non-homicide offenses, committed when he was seventeen years-old. We agree.
In Henry v. State, — So.3d-, 2015 WL 1239696, 40 Fla. L. Weekly S147 (Fla. Mar. 19, 2015), the Florida Supreme Court ruled that, when sentencing a juvenile who has been convicted as an adult on non-homicide charges, the trial court must afford the defendant a meaningful opportunity for early release: '
In light of the United States Supreme Court’s long-held' and consistent view that juveniles are different — with respect to prison sentences that are lawfully imposable on adults convicted for the same criminal offenses — we conclude that, when tried as' an adult, the specific sentence that a juvenile nonhomicide offender receives for committing a given offense is not dispositive as to whether the prohibition against cruel and unusual punishment is implicated.... [W]e have determined that [Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) ] applies to ensure that juvenile nonhomicide offenders will not be sentenced to terms of imprisonment without affording them a meaningful opportunity for early release based on a demonstration of maturity and rehabilitation. See [Graham, 560 U.S. at 75, 130 S.Ct. 2011].
In light of Graham, and other Supreme Court precedent, we conclude that the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult. See id. at -70-71, 130 S.Ct. 2011[ (“Under this sentence a juvenile offender. will on average serve more years and a greater percentage of his life in prison than an adult offender _This reality cannot be ignored.”); Roper [v. Simmons ], 543 U.S. [551] at 553, 125 S.Ct. 1183 [161 L.Ed.2d 1 (2005)] (“Their own vulnerability and comparative lack of control over their immediate surroundings mean juveniles *382 have a greater claim than adults to be forgiven for failing to escape negative influences in their whole environment.” (citing Stanford [v. Kentucky ], 492 U.S. [361] at 395, 109 S.Ct. 2969 [106 L.Ed.2d 306 (1989) ])).
The Henry Court ordered the case to be' remanded for resentencing in accordance with Florida’s 2014 juvenile sentencing legislation codified in sections 775.082 and 921.1402, Florida Statutes.
Section 775.082(3)(c) provides, in relevant part, the following:
Penalties; applicability of sentencing structures; mandatory minimum sentences for certain reoffenders previously released from prison.
[[Image here]]
(3) A person who has been convicted of . any other designated felony may be punished as follows:
[[Image here]]
(c) Notwithstanding paragraphs (a) and (b), a person convicted of an offense that is not included in s. 782.04 but that is an offense that is a life felony or is punishable by a term of imprisonment for life or by a term of years not exceeding life imprisonment, or an offense that was reclassified as a life felony or an offense punishable by a term of imprisonment for life or by a term of years not exceeding life imprisonment, which was committed before the person attained 18 years of age may be punished by a term of 'imprisonment for life or a term of years equal to life imprisonment if the judge conducts a sentencing hearing in accordance with s. 921.1401 and finds that life imprisonment or a term of years equal to life imprisonment is an appropriate sentence. ' A person who is sentenced to a term of imprisonment of more than 20 years is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(d).
Section 921.1402(2)(d), provides:
Review of sentences for persons convicted of specified offenses while under the age of 18 years.
[[Image here]]
(d) A juvenile offender sentenced to a term of 20 years or more under s. 775.082(3)(c) is entitled to a review of his or her sentence after 20 years. If the juvenile offender is not resentenced at the initial review hearing,,he or she is eligible for one subsequent review hearing 10 years after the initial review hearing.
Thus, the defendant is entitled to receive judicial review of his sentences after twenty years. Because the trial court failed to include this requirement in the defendant’s sentence, we affirm the defendant’s sentence but remand to amend the sentencing documents to provide for judicial review after twenty-years’ incarceration.[1]
AFFIRMED AND REMANDED.
BERGER and WALLIS, JJ., concur.

. The statutory provisions governing juvenile sentencing do not apply to the defendant’s five-year sentence for count twenty and his one-year sentence for count twenty-one; thus, resentencing on these counts is not necessary.