# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-418
Lower Tribunal No. 04-31228 A
_____

**Davon Francis,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Eugene F. Zenobi, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Third Region, and Philip L. Reizenstein, Assistant Regional Counsel, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before ROTHENBERG, LAGOA, and SCALES, JJ.

LAGOA, J.

Appellant, Davon Francis ("Francis"), challenges his sentence for two counts of armed robbery, one count of attempted armed robbery, and two counts of aggravated assault with a firearm. Francis argues that the trial court erred in sentencing him to an aggregate sentence of eighty-five years in prison because this sentence is the functional equivalent of life without parole and thus violates the reasoning of Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). The Florida Supreme Court recently held in Henry v. State, 175 So. 3d 675 (Fla. 2015), that Graham's constitutional prohibition against cruel and unusual punishment is implicated when a juvenile nonhomicide offender's sentence does not afford any meaningful opportunity to obtain release. Because Francis's convictions were for non-homicide offenses, which he committed when he was seventeen years old, we are compelled to agree that Francis must be resentenced.

I.    FACTUAL AND PROCEDURAL HISTORY

The evidence at trial established that Francis and his co-defendants were on an armed crime spree the night of September 21, 2004. At approximately 6:00 pm, that night, Francis approached three individuals at the corner of 189th Street and N.W. 57th Avenue in Opa-locka. One of the individuals, Tracy Hunter ("Hunter"), testified at trial that Francis put a gun in Hunter's face, took a chain and ring from Hunter, and left. At approximately 6:20 pm, Francis, along with co-defendants Richard Latson ("Latson") and Romlous Jacques ("Jacques"), approached motorcyclist William Hernandez ("Hernandez"), who was stopped at the corner of

2

154th Street and N.W. 27th Avenue. Hernandez testified at trial that Francis pointed a gun at his face and told him to "get off the bike." Hernandez attempted to drive off, but was grazed in the pelvis by a bullet from Francis's gun. At approximately 6:40 pm, Francis and Latson approached Manuel Tejeda ("Tejeda") on 83rd Street and N.W. 27th Avenue. They attempted to take a chain from Tejada, and shot him in the hand as Tejada ran away. Francis and Latson also shot and injured Tejada's neighbor, Javier Puerto ("Puerto"), in the back of the hip. The police heard the gunshots from a nearby station and apprehended co-defendants Francis, Latson, and Jacques.

Francis was originally convicted of three counts of attempted second-degree murder, two counts of armed robbery, one count of attempted armed robbery, and two counts of aggravated assault with a firearm. We upheld the judgment and sentence in Francis v. State, 22 So. 3d 788 (Fla. 3d DCA 2009). Subsequently, in light of the Florida Supreme Court's decision in State v. Montgomery, 39 So. 3d 252 (Fla. 2010), which held that an inaccurate instruction on manslaughter as a lesser-included offense only one step removed constitutes fundamental error, we vacated Francis's conviction for the attempted second-degree murder counts in Francis v. State, 77 So. 3d 806 (Fla. 3d DCA 2011). On remand, the State abandoned the attempted second-degree murder charges.

Francis subsequently filed a Motion to Correct Illegal Sentence pursuant to the United States Supreme Court's decision in Graham v. Florida, 560 U.S. 48, 130

3

S. Ct. 2011, 176 L. Ed. 2d 825 (2010). In Graham, the Supreme Court invalidated life sentences for juveniles convicted of nonhomicide offenses and held that those offenders must be provided a meaningful opportunity to obtain release. 560 U.S. at 82. Because Francis was a juvenile at the time of the offense, the trial court granted his motion and vacated his life sentences for the armed robbery counts. The trial court resentenced Francis to a term of thirty years for each armed robbery count, but his term-of-years remained the same on the remaining counts (fifteen years for the attempted armed robbery count and five years for each aggravated assault with a firearm count). The trial court ordered the sentences on each count to run consecutively, resulting in an aggregate sentence of eighty-five years. This appeal followed.

II.     ANALYSIS

In Henry v. State, 175 So. 3d 675 (Fla. 2015), the Florida Supreme Court ruled "that the constitutional prohibition against cruel and unusual punishment under Graham is implicated when a juvenile nonhomicide offender's sentence does not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" 175 So. 3d at 679 (quoting Graham, 560 U.S. at 75); see also Gridine v. State, 175 So. 3d 672, 674-75 (Fla. 2015) (holding that a seventy-year sentence imposed on a juvenile who was fourteen years old at the time he was charged was "unconstitutional because it fail[ed] to provide [the juvenile] with a meaningful opportunity for early release based upon a

4

demonstration of his maturity and rehabilitation"). Henry, a juvenile, was convicted for committing multiple nonhomicide offenses, including three counts of sexual battery with a deadly weapon, one count of kidnapping, two counts of robbery, one count of carjacking, one count of burglary of a dwelling, and one count of possession of cannabis. Henry was sentenced to life for the sexual battery offenses, plus an additional sixty years' imprisonment for the remaining offenses, to run consecutively. During the pendency of Henry's appeal, the United States Supreme Court issued its decision in Graham, and Henry filed a rule 3.800(b)(2) motion predicated on the Graham holding. Henry was resentenced to concurrent thirty-year sentences for the sexual batteries; the remaining sentences were ordered to run consecutively, totaling ninety years' imprisonment. The Fifth District Court of Appeal affirmed Henry's aggregate term-of-years sentence as "not invalid under the Eighth Amendment." 175 So. 3d at 676 (quoting Henry v. State, 82 So. 3d 1084, 1089 (Fla. 5th DCA 2012)).

On review, the Florida Supreme Court concluded that Graham prohibits the States from sentencing juvenile nonhomicide offenders to prison terms that do not provide these offenders with a meaningful opportunity for release. The Florida Supreme Court noted, "we believe that the Graham Court had no intention of limiting its new categorical rule to sentences denominated under the exclusive term of 'life in prison.'" Henry, 175 So. 3d at 680.

5

Accordingly, under the rule articulated in <u>Henry</u>, Francis's term-of-years sentence is unconstitutional. Pursuant to <u>Henry</u>, an eighty-five year prison sentence with four counts running consecutively does not provide Francis with a meaningful opportunity to obtain future early release during his natural life. <u>See</u> <u>Morris v. State</u>, 40 Fla. L. Weekly D1948 (Fla. 2d DCA Aug. 21, 2015) (citing <u>Henry</u> and <u>Gridine</u> in holding that a sixty-five-year sentence was unconstitutional because it did not provide the defendant with a meaningful opportunity for release).

The State argues that neither <u>Graham</u> nor <u>Henry</u> should automatically be applied to aggregate term-of-years sentences that amount to life in prison. Specifically, as it relates to Francis, the State posits that because Francis's offenses occurred in distinct criminal episodes with multiple victims, at different times, and in different locations, the analysis and reasoning behind <u>Henry</u> is not applicable. We do not find the State's attempt to distinguish Francis's case from <u>Henry</u> persuasive. The Florida Supreme Court did not expressly limit its decision in <u>Henry</u> to sentences for nonhomicide offenses involving a single victim. Rather, <u>Henry</u> stated that the <u>Graham</u> decision "intended to ensure that the states would provide all juvenile nonhomicide offenders who were sentenced to life terms of imprisonment with meaningful future opportunities to demonstrate their maturity and rehabilitation." <u>Henry</u>, 175 So. 3d at 679 (citing <u>Graham</u>, 560 U.S. at 79 (noting that the "categorical rule gives all juvenile nonhomicide offenders a chance

6

to demonstrate maturity and reform")). <u>Henry</u>'s adoption of <u>Graham</u>'s admonition that States must give juvenile nonhomicide offenders some meaningful opportunity to obtain release does not limit the scope of the decision to only juveniles who commit one felony against one victim. <u>Graham</u>, 560 U.S. at 75. As such, we are bound by <u>Henry</u> and must reverse Francis's eighty-five-year sentence and remand for resentencing.

III. <u>CONCLUSION</u>

Accordingly, on remand, Francis "must be resentenced under the provisions of chapter 2014-220, Laws of Florida, in conformance with the holdings of <u>Henry</u> and <u>Horsley v. State</u>, 160 So. 3d 393 (Fla. 2015), which determined that chapter 2014-220 is applicable to all juvenile offenders whose sentences are unconstitutional under <u>Miller</u> and <u>Graham</u>." <u>Morris</u>, 40 Fla. L. Weekly D1948. <u>See</u> §§ 775.082, 921.1401, 921.1402, Fla. Stat. (2014); <u>Gridine</u>, 175 So. 3d at 675 (remanding Gridine's case to the sentencing court to conduct proceedings "in accordance with <u>Henry</u>"); <u>Barnes v. State</u>, 175 So. 3d 380 (Fla. 5th DCA 2015) (citing <u>Henry</u> in remanding for resentencing in accordance with Florida's 2014 juvenile sentencing legislation); <u>cf.</u> <u>Abrakata v. State</u>, 168 So. 3d 251, 252 (Fla. 1st DCA 2015) (noting that "absent a violation of <u>Graham</u>, there is no legal basis to retroactively apply section 921.1402 (or any other provision of the juvenile sentencing legislation enacted in 2014) to the 2011 offense in this case"). We therefore reverse and remand to the trial court to conduct an individualized

sentencing hearing and to sentence Francis to a term-of-years. If Francis is sentenced to a term-of-years in excess of twenty years, he is entitled to a subsequent judicial review of his sentence. §§ 775.021(3)(c), 921.1402(2)(d), Fla. Stat. (2014).

REVERSED AND REMANDED WITH INSTRUCTIONS.