DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALAIN TROCHE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4625

[December 16, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 93-14304 CF10F.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Alain Troche appeals an order re-sentencing him to concurrent fifty-year prison terms on eleven non-homicide charges, which he committed when he was a juvenile. He was originally sentenced to life, but he was re-sentenced to fifty years in prison following the decision in *Graham v. Florida*, 560 U.S. 48 (2010). On appeal, he argues that his new sentences likewise violate *Graham* because they constitute a *de facto* life sentence. Based upon the recent cases of *Henry v. State*, 175 So. 3d 675 (Fla. 2015) and *Gridine v. State*, 175 So. 3d 672 (Fla. 2015), he might have been entitled to judicial review of his sentences after a period of years. However, as he is also serving life sentences for crimes committed as an adult, we affirm without the necessity of a remand to include a review proceeding.

Appellant was seventeen years old in 1994 when he was convicted of several non-homicide offenses (including armed robbery and kidnapping), for which he was given concurrent sentences of ten years in prison followed by ten years of probation. After he was released from prison in 1999, he was re-arrested for additional crimes, and his probation revoked. He was

sentenced to life in prison for violating his probation. From the sentencing transcript in this case, it appears that he was also sentenced to life in prison for the 1999 crimes, all committed when he was twenty-two and an adult.

In the fall of 2011 and 2012, Appellant filed several pro se post-conviction motions arguing that his sentence was illegal under *Graham v. Florida*, 560 U.S. 48 (2010), because he had been sentenced to life without the possibility of parole for non-homicide offenses he had committed when he was seventeen years old. At the resentencing hearing, the attorneys and court agreed that Appellant would still be serving life in prison because of the 1999 crimes. The trial court resentenced Appellant on the 1994 crimes to eleven sentences of fifty years each, to run concurrently. He appeals, claiming that the sentence still violates *Graham*, in that it is the equivalent of a life sentence.

Since Appellant filed the appeal, our supreme court held in *Henry v. State*, which involved a life sentence for a juvenile, that:

> We conclude that *Graham* prohibits the state trial courts from sentencing juvenile nonhomicide offenders to prison terms that ensure these offenders will be imprisoned without obtaining a meaningful opportunity to obtain future early release during their natural lives based on their demonstrated maturity and rehabilitation.

> . . . .

> In light of *Graham*, and other Supreme Court precedent, we conclude that the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult.

174 So. 3d at 680. The court ordered that Henry be resentenced based upon the sentencing law passed by the Florida Legislature in 2014, Ch. 2014-220, as set forth in *Horsley v. State*, 160 So. 3d 393, 395 (Fla. 2015), and codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014). The statutory provisions provide for a judicial review of a juvenile's sentence after twenty years for those juveniles convicted of non-homicide offenses and serving lengthy sentences. *See* §§ 775.082(3)(c), 921.1402(2)(d), 921.1401(1), Fla. Stat. (2014).

2

In *Gridine*, the Florida Supreme Court determined that a seventy-year sentence for a juvenile who committed a non-homicide offense was unconstitutional because it did not provide for a meaningful opportunity for release based upon his demonstration of maturity and rehabilitation. 175 So. 3d at 674-75. The court remanded for resentencing in accordance with the 2014 law. *Id.* at 675. Similarly, in *Barnes v. State*, 175 So. 3d 380, 382 (Fla. 5th DCA 2015), a juvenile sentenced to sixty years for a non-homicide offense was entitled to a review of his sentence after twenty years in accordance with the statute.

Thus, to comply with *Graham,* the Florida Supreme Court has approved the application of the 2014 statute providing judicial review of sentences. However, in this case, where Appellant is serving a life term for offenses committed as an adult, as well as a fifty-year sentence for offenses committed as a juvenile, it would seem that the statute allowing for review should not be applied. The purpose of the review is to lessen the sentence and permit release where maturity is shown. Here, regardless of whether Appellant has matured, it will not affect his life terms on his other sentences. Therefore, the review would have no purpose.

For this reason, we affirm the sentence imposed by the trial court without requiring a review in accordance with *Horsley.*

LEVINE and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***