DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNNY TREVON COOK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3290

[April 27, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562010CF001574A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Johnny Cook appeals his conviction of four counts of attempted second-degree murder, one count of aggravated assault, one count of shooting a deadly missile, and one count of possession of a firearm by a minor, and his sentence of an aggregate ninety-three years in prison. We affirm his conviction, but reverse the sentence and remand for resentencing.

A life-without-parole sentence for a juvenile nonhomicide offender is unconstitutional under the Eighth Amendment of the United States Constitution. *Graham v. Florida*, 560 U.S. 48, 82 (2010), *as modified* (July 6, 2010). The Florida Supreme Court has recently held that *Graham* also applies to aggregate term-of-years sentences. *See Gridine v. State*, 175 So. 3d 672, 674–75 (Fla. 2015) (holding juvenile's aggregate seventy-year sentence for attempted first-degree murder unconstitutional under *Graham*), *cert. denied*, No. 15-870, 2016 WL 854312 (Mar. 7, 2016); *Henry v. State*, 175 So. 3d 675, 679–80 (Fla. 2015) (holding juvenile's aggregate ninety-year sentence unconstitutional under *Graham*), *cert. denied*, No.

15-871, 2016 WL 1078958 (Mar. 21, 2016). Specifically, the court held "*Graham* is implicated when a juvenile nonhomicide offender's sentence does not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" *Henry*, 175 So. 3d at 679 (quoting *Graham*, 560 U.S. at 75).

Cook was a juvenile at the time of the commission of the crimes. The trial court sentenced him to an aggregate of ninety-three years imprisonment for nonhomicide offenses. The sentence for each count was a mandatory minimum. His sentence did not give him a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," and thus was unconstitutional. *See Graham*, 560 U.S. at 75. We therefore reverse Cook's sentence and remand for resentencing in accordance with *Gridine* and *Henry*.

*Reversed and remanded for resentencing.*

GROSS and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2