IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANLEY TARRAND,

      Appellant,

v.                                                                            Case No.  5D15-4400

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 2, 2016

3.850 Appeal from the Circuit
Court for Sumter County,
William H. Hallman, III, Judge.

Roseanne Eckert, Miami, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

## ON MOTION FOR REHEARING

PER CURIAM.

      We grant Stanley Tarrand's motion for rehearing, withdraw our earlier opinion and substitute the following in its place.  We deny Tarrand's motion for rehearing en banc and certification.

      Tarrand appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  He entered a negotiated plea to second-

degree murder, which was committed in 1993 when he was fifteen years old. In his motion, he argued that his fifty-one-year sentence is a de facto life sentence that does not provide a meaningful opportunity for early release, and therefore, is unconstitutional under the holdings of Miller v. Alabama, 132 S. Ct. 2455 (2012), and Graham v. Florida, 560 U.S. 48 (2010). As such, he sought resentencing pursuant to Chapter 2014-220, Laws of Florida, codified in sections 775.082, 921.1401 and 921.1402, Florida Statutes. The trial court denied the motion, holding that Tarrand "failed to show that his sentence exceeds his life expectancy and is thus a de facto life sentence." We reverse and remand for resentencing.

In Graham, the United States Supreme Court held that the Eighth Amendment forbids a sentence of life without parole for a juvenile offender who did not commit a homicide. Two years later, in Miller, the Court held that a mandatory life sentence without the possibility of parole for a juvenile offender who commits a homicide violates the Eighth Amendment. Subsequent to Graham and Miller, Florida courts have struggled with the question of whether lengthy term-of-years sentences imposed on juvenile non-homicide offenders also violates Graham and the Eighth Amendment. Recently, in Peterson v. State, 193 So. 3d 1034 (Fla. 5th DCA 2016), this Court addressed a related issue and determined that a term-of-years sentence, which does not afford a non-homicide juvenile offender a meaningful opportunity for early release based on demonstrated maturity and rehabilitation, violates Graham and the Eighth Amendment, requiring resentencing with retroactive application of the new sentencing framework. We did so based on Henry v. State, 175 So. 3d 675 (Fla. 2015), which held that Graham applied to lengthy term-of-years prison sentences and ordered resentencing pursuant to the 2014 juvenile

2

sentencing statutes. See also Gridine v. State, 175 So. 3d 672 (Fla. 2015) (holding seventy-year prison sentence imposed on juvenile non-homicide offender was unconstitutional under Graham because it failed to provide defendant with meaningful opportunity for early release based upon demonstrated maturity and rehabilitation).

Admittedly, this case is different because it involves a homicide. Nonetheless, we believe our supreme court intends to apply the holdings of Henry and Gridine to juvenile homicide offenders who receive lengthy term-of-years sentences. We reach that conclusion based on the Florida Supreme Court's decision in Thomas v. State, 177 So. 3d 1275 (Fla. 2015), which quashed the underlying decision approving a juvenile homicide defendant's forty-year prison sentence. The supreme court ordered the juvenile to be resentenced in conformance with the 2014 juvenile sentencing statutes.

Thus, we hold that while Tarrand's initial sentence was not prohibited under the Eighth Amendment, he must be resentenced in light of the new juvenile sentencing legislation now codified at sections 775.082, 921.1401 and 921.1402, Florida Statutes, to allow him a meaningful opportunity to obtain early release based upon demonstrated maturity and rehabilitation.

REVERSED FOR RESENTENCING.

SAWAYA, ORFINGER and COHEN, JJ., concur.