IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DERRICK K. RANDOLPH,

        Appellant,

 v.                                      Case No.  5D16-2122

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed September 16, 2016

3.800 Appeal from the Circuit Court
for Lake County,
Don F. Briggs, Judge.

Michael A. Graves, Public Defender,
Tavares, for Appellant.

No Appearance for Appellee.


PER CURIAM.

Derrick Randolph ("Appellant") appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct his illegal sentence. We reverse and remand for resentencing consistent with this opinion.

In 2001, Appellant was convicted of second-degree murder for an offense committed when he was 17 years old. The trial court sentenced Appellant to 100 years' incarceration with 25 years minimum mandatory. Appellant filed this rule 3.800(a) motion,

arguing his sentence does not afford him a meaningful opportunity to obtain early release based on demonstrated maturity and rehabilitation. The trial court denied Appellant's motion, reasoning that because Appellant's sentence was discretionary, rather than mandatory, it did not violate Miller v. Alabama, in which the Supreme Court determined that the Eighth Amendment prohibits a sentencing structure mandating a life-without-parole sentence for a juvenile homicide offender. 132 S.Ct. 2455, 2475 (2012).

In light of Miller, our Legislature enacted new statutes to bring Florida's juvenile sentencing framework into compliance with current juvenile sentencing jurisprudence. See ch. 2014-220, Laws of Fla.[1] The new juvenile sentencing framework requires that a lengthy prison sentence provide for a hearing after a designated number of years to determine whether a juvenile's demonstrated maturity and rehabilitation justifies modification of the sentence. A juvenile whose sentence violates Miller is entitled to retroactive application of this new sentencing framework. See, e.g., Horsley v. State, 160 So. 3d 393, 409-10 (Fla. 2015).

Recently, our supreme court extended Miller to discretionary sentencing schemes: "Even in a discretionary sentencing scheme, the sentencing court's exercise of discretion before imposing a life sentence must be informed by consideration of the juvenile offender's 'youth and its attendant circumstances' as articulated in Miller and now codified in section 921.1401, Florida Statutes (2014)." Landrum v. State, 192 So. 3d 459, 460 (Fla. 2016) (citing Horsley, 160 So. 3d at 399).

Based on the foregoing, we find that Appellant's 100-year sentence violates Miller and its progeny. See Henry v. State, 175 So. 3d 675, 679-80 (Fla. 2015) (reversing

---

[1] Now codified in §§ 775.082, 921.1401, 921.1402, Fla. Stat. (2014).

2

juvenile defendant's aggregate 90-year sentence); <u>Gridine v. State</u>, 175 So. 3d 672, 675 (Fla. 2015) (reversing juvenile defendant's 70-year sentence); <u>Cook v. State</u>, 190 So. 3d 215, 216 (Fla. 4th DCA 2016) (reversing juvenile defendant's 93-year sentence). Although the sentencing court exercised discretion before imposing Appellant's sentence, our supreme court has determined that discretionary sentences nonetheless implicate <u>Miller</u>. <u>See</u> <u>Landrum</u>, 192 So. 3d at 460. Moreover, the sentencing court did not "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." <u>Miller</u>, 132 S. Ct. at 2469 (footnote omitted). Appellant received a 25-year minimum mandatory sentence, but there is no guarantee that he will be released during his natural lifetime based upon demonstrated maturity and rehabilitation. <u>See</u> <u>Henry</u>, 175 So. 3d at 680. Accordingly, we reverse and remand for resentencing under chapter 2014-220, Laws of Florida. See <u>Horsley</u>, 160 So. 3d at 409-10.

REVERSED and REMANDED for RESENTENCING.

LAWSON, C.J., ORFINGER and WALLIS, JJ., concur.