IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUNY ABRAHAM,

      Appellant,

 v.                                            Case No.  5D14-3825

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 16, 2016

Appeal from the Circuit Court
for Orange County,
Robert M. Evans, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Juny Abraham appeals his sentence for robbery with a firearm following the

revocation of his community control.  Abraham contends that the trial court erred in four

respects:  1) entering a fifty-year sentence in violation of Graham v. Florida, 560 U.S. 48

(2010); 2) imposing a vindictive sentence; 3) failing to include his youthful offender

designation in his sentencing documents; and 4) failing to note in his sentencing documents that he is eligible for judicial review after twenty years' incarceration. We affirm on the first two issues without further discussion.

However, the State concedes error on the third and fourth issues. Abraham was initially sentenced on the underlying charge as a youthful offender. As the trial court orally ruled, Abraham retained his youthful offender status after being sentenced for violation of community control. See Christian v. State, 84 So. 3d 437, 442-43 (Fla. 5th DCA 2012). Furthermore, the trial court also orally ruled that Abraham was entitled to judicial review of his sentence after twenty years' incarceration. See Barnes v. State, 175 So. 3d 380, 382 (Fla. 5th DCA 2015); § 921.1402(2)(d), Fla. Stat. (2015). However, the sentencing order does not reflect these rulings. Therefore, we remand for the trial court to amend Abraham's sentencing documents to reflect that he was sentenced as a youthful offender and that he is eligible for judicial review after twenty years' incarceration pursuant to the statute.

REMANDED.

LAWSON, C.J., SAWAYA and TORPY, JJ., concur.