IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAMIAN DAVID SANTIAGO,

      Appellant,

v.                                                                    Case No. 5D17-3394

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 31, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Marc L. Lubet, Judge.

Damian David Santiago, Indiantown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.

PER CURIAM.

Damian David Santiago appeals the final order entered by the trial court granting in part and denying in part his motion seeking post-conviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm the order in all aspects, except one. The trial court erred in modifying Santiago's sentence without holding a resentencing hearing.

Santiago was sixteen years old at the time he committed his offenses. He entered a plea to the offense of second-degree murder with a firearm and was sentenced to a term of thirty-five years' imprisonment. He filed a post-conviction motion arguing that, due to his status as a juvenile offender, his sentence was unconstitutional and, thus, he was entitled to receive judicial review of his sentence as well as a full resentencing hearing. The trial court granted the motion in part, amended the sentencing documents to allow for a juvenile sentence review hearing, but denied the request for a resentencing hearing based upon the conclusion that the sentence was not unconstitutional because it was not a de facto life sentence. The court erred in so ruling because the constitutionality of a juvenile offender's lengthy term-of-years sentence is not solely dependent on whether a de facto life sentence has been imposed. See Peterson v. State, 193 So. 3d 1034, 1038 (Fla. 5th DCA 2016), rev. denied, SC16-1211 (Fla. June 23, 2017) (holding that a term-of-years sentence, which does not afford a non-homicide juvenile offender a meaningful opportunity for early release based on demonstrated maturity and rehabilitation, violates the Eighth Amendment, requiring resentencing); accord Tarrand v. State, 199 So. 3d 507 (Fla. 5th DCA 2016). We have also held that it is error to modify a juvenile defendant's sentence to allow for a review hearing without also holding a resentencing hearing. See Katwaroo v. State, 237 So. 3d 446 (Fla. 5th DCA 2018).

Accordingly, we affirm the trial court's ruling amending the sentencing documents to provide for a judicial review hearing, but reverse and remand for the court to conduct a full resentencing hearing. We also certify conflict with Pedroza v. State, 244 So. 3d 1128 (Fla. 4th DCA 2018) which certified conflict with Katwaroo and Tarrand.

2

AFFIRMED in part; REVERSED in part; and REMANDED with instructions. CONFLICT CERTIFIED.

ORFINGER, PALMER and EDWARDS, JJ., concur.