985 So.2d 704 (2008)
Leonard K. BRACEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1010.
District Court of Appeal of Florida, Fifth District.
July 11, 2008.
James S. Purdy, Public Defender, and Allison A. Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
In this Anders[1] appeal, appellate counsel was directed to file a supplemental brief *705 addressing a double jeopardy issue. Having now received the supplemental briefs, we affirm in part and reverse in part.
Leonard K. Bracey was convicted of burglary with a battery and simple battery and adjudicated guilty of both offenses. Our preliminary review of the case suggested that the simple battery was subsumed into the burglary with a battery offense. See Lyles v. State, 724 So.2d 138 (Fla. 1st DCA 1998) (holding improper to convict defendant for both burglary with battery and simple battery where both offenses involve same battery). Convictions for both offenses, arising from the same incident, would violate Bracey's double jeopardy protection. See Mansfield v. State, 954 So.2d 74, 77 (Fla. 4th DCA 2007). A double jeopardy violation is fundamental error, which can be raised for the first time on appeal. State v. Johnson, 483 So.2d 420 (Fla.1986).
The State properly concedes error, acknowledging that under the facts of this case, it was error to convict Bracey of both burglary with a battery and simple battery. See Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). Accordingly, we affirm Bracey's conviction and sentence for burglary with a battery, but reverse the simple battery conviction. On remand, the trial court shall vacate that conviction.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
PALMER, C.J. and SAWAYA, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).