*917
 
 PER CURIAM.
 

 Robert Anthony West appeals the judgment and sentence adjudicating him guilty in case number 06-6244 of burglary of a dwelling with a battery and a firearm, false imprisonment with a weapon, and battery.
 
 [1]
 
 The court sentenced West on the burglary charge to ten years in prison with a ten-year firearm minimum mandatory sentence, with credit for time served of one year and 184 days, followed by ten years of probation. The court concurrently sentenced West to one year and 184 days on the false imprisonment count and one year on the battery count, with credit for time served. West asserts that his convictions for burglary with a battery and battery violate double jeopardy. We agree.
 

 The courts have consistently held that convictions for burglary with a battery in violation of section 810.02(2)(a), Florida Statutes (2006), and battery in violation of section 784.03(l)(a), Florida Statutes (2006), violate double jeopardy.
 
 Bracey v. State,
 
 985 So.2d 704, 705 (Fla. 5th DCA 2008);
 
 Lewis v. State,
 
 740 So.2d 82, 82 (Fla. 3d DCA 1999);
 
 Lyles v. State,
 
 724 So.2d 138, 138 (Fla. 1st DCA 1998);
 
 Bradley v. State,
 
 540 So.2d 185, 187 (Fla. 5th DCA 1989);
 
 Spradley v. State,
 
 537 So.2d 1058,1061 (Fla. 1st DCA 1989). The State even agreed during trial that battery is a lesser included offense of burglary with a battery.
 
 [2]
 

 Accordingly, we reverse the battery conviction and sentence in case number 06-6244 and remand this case to the trial court with instructions to vacate that conviction and sentence.
 
 Bracey.
 
 We affirm West’s other convictions and sentences in both case numbers 06-6241 and 06-6244.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 MONACO, C.J., and SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . West also appeals his convictions and sentences in case number 06-6241, which was consolidated for trial with case number 06-6244. In case number 06-6241, the jury found West guilty of armed burglary of a dwelling with a firearm, kidnapping, and armed carjacking. The court sentenced him on each count to fifteen years in state prison with a ten-year firearm minimum mandatory, with credit for one year and 184 days, followed by ten years of reporting probation, all to run concurrently, but to run consecutively to the sentence in case number 06-6244. West raises two other issues: the trial court erred in instructing the jury regarding out-of-court statements made by West that were introduced during the trial; and the trial court erred in giving the jury an instruction regarding the carjacking offense that included standard language utilized when a victim is administered a substance that causes the victim to become unconscious. Not only did West fail to object to these alleged errors during the trial, we find them totally without merit and affirm as to each.
 

 [2]
 

 . We find unavailing the State’s argument that there is no double jeopardy violation because West was convicted of a crime it labels "domestic battery.” The judgment rendered by the trial court adjudicates West guilty of “battery domestic violence,” citing only to the misdemeanor battery statute in section 784.03, Florida Statutes (2007).