PER CURIAM.
 

 We affirm, without discussion, Latimer’s conviction for robbery with a deadly weapon. However, double jeopardy principles preclude Latimer’s conviction for simple assault arising from the same criminal transaction. Robbery involves the “taking of money or other property ... from the person or custody of another ... when in the course of the taking there is the use of force, violence,
 
 assault
 
 or putting in fear.” § 812.13, Fla. Stat. (2009) (emphasis added). The verdict form gave no indication as to whether the jury determined that the taking in this case constituted robbery because of the accompanying assault on the victim, or based upon some separate use of force or violence. Because “[w]e must read the verdict in a manner which would give the benefit of the doubt to” the defendant,
 
 State v. Reardon,
 
 763 So.2d 418, 419 n. 3 (Fla. 5th DCA 2000), we conclude that the convictions for both robbery and simple assault cannot stand.
 
 Cf. Young v. State,
 
 43 So.3d 876 (Fla. 5th DCA 2010);
 
 West v. State,
 
 21 So.3d 916 (Fla. 5th DCA 2009);
 
 Bracey v. State,
 
 985 So.2d 704 (Fla. 5th DCA 2008);
 
 Torna v. State,
 
 742 So.2d 366 (Fla. 3d DCA 1999). Accordingly, we reverse the assault conviction and remand with instructions that the assault conviction and sentence be vacated.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 LAWSON, EVANDER and JACOBUS, JJ., concur.