Grafton
No. 2011-452

THE STATE OF NEW HAMPSHIRE

v.

TODD LEAVITT

Argued: January 10, 2013
Opinion Issued: May 14, 2013

*Michael A. Delaney*, attorney general (*Sarah T. Blodgett*, assistant attorney general, on the brief and orally), for the State.

*Brianna M. Sinon*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Todd Leavitt, appeals his convictions for two counts of simple assault on a police officer, *see* RSA 631:2-a (2007); RSA 651:6, I(g) (Supp. 2012), following a jury trial in Superior Court (*Vaughan*, J.). We affirm.

The jury could have found the following facts. Early on the morning of September 4, 2010, the defendant called 9-1-1 and told the dispatcher that he was suicidal and needed an ambulance. Because the defendant said he was uninjured, however, the dispatcher sent the police to his residence. The defendant became agitated when the police arrived instead of an ambulance, "screaming and shouting" and asserting that he did not want them to be there. The police offered to drive him to the hospital, but he refused, and he began walking in the direction of the hospital. The police then decided to take him into protective custody, and, in the ensuing struggle, he kicked Officer Nicholas Alden in the leg. He again kicked Officer Alden after they arrived at the hospital.

The defendant was indicted on two counts of simple assault. The charging documents were worded identically in every respect except as to the "Charge ID" number and the designation as either "Count 1" or "Count 2." The defendant moved to dismiss, arguing that the jury could not "differentiate what evidence goes to which [indictment]," in violation of double jeopardy principles. The trial court denied his motion and, after a trial, a jury returned guilty verdicts on both indictments.

On appeal, the defendant argues that the trial court erred in denying his motion to dismiss one of the two simple assault charges. We disagree. At the outset, we note that the defendant does not contend, for double jeopardy purposes, that his *conduct* gives rise to only one chargeable offense. Nor could he, for, as noted above, the State produced evidence at trial demonstrating that he kicked Officer Alden once during the initial struggle near his home and again at the hospital. *See Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964) ("[I]t is well settled that the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense."). Nor does he contend that the State produced insufficient evidence to convict him of two simple assault charges. Rather, he rests his argument on the fact that the indictments are identical in every particular except as to the number identifying each charge. He contends that, "[b]ecause the indictments [are] identical, . . . there [is] no assurance that the jury relied on distinct acts in returning two convictions," and that the indictments are "duplicative as charged."

We review questions of constitutional law *de novo*. *State v. Gingras*, 162 N.H. 633, 636 (2011). Because the defendant rests his double jeopardy

argument on federal grounds only, we restrict our analysis accordingly. *See State v. Lamarche*, 157 N.H. 337, 340 (2008).

■■ We agree with the State that the defendant's convictions do not violate the Federal Double Jeopardy Clause. The defendant highlights the indictments' identical language to argue that only one crime was charged, or that the jury could have believed as much. "[T]here is no way," he argues, "to determine whether the jury convicted [the defendant] for two separate acts." To the contrary, the trial court instructed the jury that "[e]ach of the indictments against the [d]efendant constitutes a separate offense," and we presume that the jury followed that instruction. *State v. Smith*, 149 N.H. 693, 697 (2003). The defendant does not contend that the indictments posed due process concerns such as insufficient notice. More importantly, the State adduced evidence at trial that, in fact, demonstrated that the defendant committed two separate assaults. Officer Alden testified as to these assaults, and the prosecutor discussed this evidence thoroughly during her opening statement and closing argument. Moreover, during its deliberations, the jury had in its possession one copy of each indictment, and, after the trial court instructed the jury that each indictment constituted a separate offense, a guilty verdict was returned on each. It is both unreasonable and contrary to our law to infer that the jury misunderstood its duty to find that two separate assaults had occurred.

■■ The defendant notes that this court has "uph[e]ld multiple punishments where the underlying indictments clearly differentiate the conduct that the defendant committed," and infers from that proposition that there must be a double jeopardy violation when the indictments do not so differentiate. But this inference does not logically follow: that indictments dissimilar in their elements usually survive scrutiny under the Double Jeopardy Clause does not mean that the Double Jeopardy Clause is violated whenever multiple indictments are worded identically. *See, e.g., Nicholson v. State*, 757 So. 2d 1227, 1228 (Fla. Dist. Ct. App. 2000) (identically worded indictments do not violate double jeopardy rights when "the evidence at trial clearly distinguished between . . . two separate offenses"); *see also Agri Processor Co., Inc. v. N.L.R.B.*, 514 F.3d 1, 6 (D.C. Cir. 2008). Indeed, the defendant has cited no federal authority, and we have found none, finding a double jeopardy violation under the circumstances presented here. To the extent that the defendant contends that the indictments did not state with sufficient clarity where and when each assault took place, he could have raised such concerns by way of a request for a bill of particulars. *See, e.g., State v. Kelly*, 160 N.H. 190, 196 (2010) (it may be a "good practice to ask for a bill of particulars if a defendant is unsure of the specific acts alleged").

■ The defendant also argues that the trial court's jury instructions, which did not specifically instruct the jury that it was required to find that two kicks occurred in order to return guilty verdicts on both assault indictments, impermissibly increased the risk of a double jeopardy violation. To the extent that the defendant makes this argument in support of his contention that the indictments violated double jeopardy principles, we are not persuaded. To the extent that he is arguing that the instructions were themselves erroneous, we note that he did not object to them at trial. Therefore, any such argument is not preserved for our review. *See State v. Nightingale*, 160 N.H. 569, 577 (2010).

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.