

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1022-12

---

**MICHAEL COOPER, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

---

**COCHRAN, J., filed a concurring opinion in which ALCALA, J., joined.**

### O P I N I O N

This is not a simple issue. As Judge Moylan has noted, "it is sometimes the simplest

of crimes that are the most difficult to master. [Continuing criminal enterprises and

conspiracies] are as child's play to the familiar standby of assault and battery."[1] Although

---

[1] *Lamb v. State*, 613 A.2d 402, 404 (Md. Ct. Spec. App. 1991). In *Lamb*, Judge Moylan examined exhaustively the common-law development of "assault" and "battery" in explaining why the particular "assault" in this domestic violence case (in which the defendant repeatedly pointed a gun at the victim's head and threatened to kill her) did not merge with the various "battery" incidents (in which he hit or held her against her will). *Id.* at 404-20. The several times that he threatened the victim with a gun and the three times that he used physical force against her during the three-and-a-

appellant was charged with various counts of aggravated robbery, the legal issue concerns

the distinction between "assault" and "battery."

Remember that old law-school common-law concept of assault and battery?  An

assault was the attempt to hit or injure someone and battery was the actual hitting or injuring

of that person.[2]  Both were crimes, but a person could not be charged with two distinct

offenses for a single attempt to hit and then a successful hitting or injury of one person in one

incident.[3]  Under the old common law, assault was an unconsummated battery, and battery

---

half-hour ordeal were separated in time, place, and manner.  *Id.* at 420-25.  However, Judge Moylan
noted that

> a more difficult question would be posed if the threatened shooting (assault) were
> followed by an actual shooting (battery). There, a merger of the threatening conduct
> into the physical consummation of the threat would not, under federal constitutional
> law, be mandated by *Blockburger*. Under Maryland law, on the other hand, it might
> well be required under the extended "rule of lenity" recently promulgated by the
> Court of Appeals. . . .
>
> Analytically, the situation would be further muddied by the fact that where
> an apprehended threat is then successfully carried out, the antecedent assault is
> present in both of its manifestations. It is, at the same time, both an attempted battery
> and a threatened battery. The first would merge under the Federal Constitution. The
> second would merge only under Maryland's extended "Rule of Lenity." It is not a
> simple subject.

*Id.* at n.6.

[2] *See Olivas v. State*, 203 S.W.3d 341, 344 (Tex. Crim. App. 2006) (discussing common-law
doctrines of assault and battery). Under the early common law, the crime of "assault" and the tort
of "assault" were entirely distinct.  Criminal assault was an attempted battery–a missed hit or injury.
The civil tort of assault was an intentional act of placing another in fear of receiving an immediate
battery–a threat to hit or injure.  ROLLIN M. PERKINS & RONALD N. BOYCE, CRIMINAL LAW 159 (3d
ed. 1982). For example, "[i]f, with the intention of hitting X, D wrongfully threw a stone that X
barely managed to dodge, then D would have been guilty of a criminal assault because he had
attempted to commit a battery, and he would also have been liable in civil action of trespass for
assault because he had wrongfully placed X in apprehension of physical harm." *Id.*

[3] PERKINS & BOYCE, *supra* note 2, at 160 (noting that "one who has committed a battery is
frequently prosecuted for assault and battery.  This does not mean that two offenses are charged in

was a consummated assault.[4]  Every battery included an assault, but an assault did not include

a battery.[5]  Eventually, the common-law concept of the crime of assault expanded from

attempted battery (a missed hit) to include the common-law tort concept of a threat to hit or

injure (the pointing of a gun or words such as "I will hit you").[6]

---

separate counts of the accusatory pleading, but that one offense is charged in one count under the name of 'assault and battery'").

[4] *See, e.g., Anderson v. Crawford*, 265 F. 504, 507 (8th Cir. 1920) ("While a battery always included an assault, assaults often fall short of a battery. An assault is an attempt, which, if consummated, would result in a battery.").

[5] *See Hall v. State*, 309 P.2d 1096, 1100 (Okla. Crim. App. 1957) ("'Battery' includes assault, but 'assault' does not include battery. When the assault culminates in a battery, the offense is assault and battery, and the prosecution should be commenced for that grade of assault and battery which is reasonably supported by the state's evidence.") (quoting *Smith v. State*, 151 P.2d 74, 76 (Okla. Crim. App. 1944)).  As the New Jersey Supreme Court explained, under the common law,

> [a]ssault covered every "attempt or offer with force and violence, to do a corporal hurt to another," 1 HAWKINS, PLEAS OF THE CROWN, 113. Blackstone defines it as "an attempt or offer to beat another, without touching him," 3 COMMENTARIES 120, while according to Wharton it is "an apparent attempt by violence to do corporal hurt to another," 1 CRIMINAL LAW (10th ed.), sec. 603. On the other hand a battery is a "consummated or completed assault," 2 BURDICK, THE LAW OF CRIME, sec. 350. It necessarily includes an assault. The offense is usually referred to as an assault and battery and at common law meant any unlawful bodily harm done to another person. "It seems that any injury whatsoever, be it never so small, being actually done to the person of a man, in an angry, or revengeful, or rude, or insolent manner, as by spitting in his face, or any way touching him in anger, or violently justling him out of the way, are batteries in the eye of the law." 1 HAWKINS, PLEAS OF THE CROWN, 134. "The law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it; every man's person being sacred, and no other having right to meddle with it, in even the slightest manner." 3 BLACKSTONE'S COMMENTARIES 120. Assault and battery at common law ranged from these minor offenses, which nevertheless the law cannot afford to overlook, to violence falling just short of manslaughter or murder.

*State v. Maier*, 99 A.2d 21, 24 (N.J. 1953).

[6] *See* PERKINS & BOYCE, *supra* note 2, at 161-62 (noting that, "[w]hile few jurisdictions have abandoned the original basis for establishing a criminal assault in the absence of statute, there has

Under more modern statutes, such as the Model Penal Code[7] and Texas law, both the common-law crime of assault and that of battery are covered under the single offense of assault. For example, Section 22.01 of the Penal Code defines an assault as an offense if a person

(1)    intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse (common-law battery); or

(2)    intentionally or knowingly threatens another with imminent bodily injury,

---

been a tendency in many to add the tort theory as an additional ground."); WAYNE R. LAFAVE & AUSTIN W. SCOTT, CRIMINAL LAW 693 (2d ed. 1986) ("[M]any jurisdictions have extended the scope of the crime of assault to include, *in addition to* (not as an alternative to) the attempted-battery type of assault, the tort concept of the civil assault, which is committed when one, with intent to cause a reasonable apprehension of immediate bodily harm (though not to inflict such harm), does some act which causes such apprehension.") (footnote omitted).

[7] Model Penal Code § 211.1 ("Assault"). That statute reads as follows:
(1)    **Simple Assault.** A person is guilty of assault if he:
   (a)    attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
   (b)    negligently causes bodily injury to another with a deadly weapon; or
   (c)    attempts by physical menace to put another in fear of imminent serious bodily injury.
Simple assault is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

(2)    **Aggravated Assault.** A person is guilty of aggravated assault if he:
   (a)    attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
   (b)    attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.
Aggravated assault under paragraph (a) is a felony of the second degree; aggravated assault under paragraph (b) is a felony of the third degree.

including the person's spouse (common-law assault).[8]

Relevant to our purposes,[9] these are two separate ways of committing an assault and they are, in fact, separate offenses–one involving prohibited conduct (a threat) and the other involving a prohibited result (bodily injury).[10]  One may threaten a bodily injury without actually carrying through on that threat; one may cause bodily injury without making any overt threat; and one may threaten bodily injury and carry through with that threat.[11]

At bottom, the issue in the present case is whether double jeopardy prevents convictions for both assault by threat and assault by bodily-injury when a person first threatens to injure another person and then carries through on that threat.[12]  Suppose, for

---

[8] TEX. PENAL CODE § 22.01(a)(1), (2).

[9] Section 22.01 contains a third method of assaultive conduct–"offensive touching"–which was a misdemeanor battery at common-law and is a Class C misdemeanor in Texas.  TEX. PENAL CODE § 22.01(a)(3). That provision is not pertinent here, except, of course, that every assault involving bodily injury includes an "offensive" touching, but an offensive touching does not necessarily include a bodily-injury assault.

[10] *See Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008) (stating that, in Section 22.01, the Texas Legislature enacted "three separate and distinctive assaultive crimes").

[11] *See generally, Lamb v. State*, 613 A.2d 402, 404-20 (Md. Ct. Spec. App. 1991).

[12] Although appellant was convicted of two counts of aggravated robbery committed against Andrew Chaney and two counts of aggravated robbery committed against James Barker, the legal issue is whether double jeopardy bars dual convictions for aggravated robbery of X by *threat* (with a deadly weapon) and aggravated robbery of X by causing (serious) *bodily injury* when they are committed as part of the same criminal act (first a threat, then carrying through with that threat).  The double-jeopardy issue, then, depends not upon the robbery statute or the aggravated robbery statute, but upon the simple assault statute, Section 22.01(a)(1), (2). *See Snowden v. State*, 583 A.2d 1056, 1059 (Md. 1991) ("Robbery is a compound larceny.  It is a larceny from the person accomplished by either an assault (putting in fear) or a battery (violence).  Therefore, either combination produces a robbery.").  Although the robbery provision contains an additional method of "assault" by "plac[ing] another in fear of imminent bodily injury or death" as well as by threatening a person,

example, that Dangerous Dan holds a bat above his head as he tells Suzie Q., "I'm going to beat you up." She shrieks, and he promptly bangs her with the bat. Is that one crime or two? Common sense says that this is just one crime. And when assault by bodily injury–"battery"–includes an assault by threat–"assault"–double jeopardy would prevent convictions for both when they occur against the same person at the same time.[13] The assault is "merged" or "subsumed" into the completed battery.[14] Conversely, if Dan threatened Suzie with a bat in the bedroom and, when she shrieked, he put the bat down, but after she walked out of the room, he picked up the bat, followed her, and banged her with the bat in the

---

(Section 29.02(a)(2)), that distinction does not make a difference in the present analysis.

[13] *See, e.g., State v. Bolarinho*, 850 A.2d 907, 909-11 (R.I. 2004) (double jeopardy barred convictions for both assault with a deadly weapon and assault resulting in serious bodily injury when both offenses arose from a single fight in which the victim was repeatedly kicked).

[14] *See, e.g., McGhee v. State*, ___ So.3d ___, 2014 WL 560857, *1 (Fla. Dist. Ct. App. 2014) ("McGhee contends that because the burglary of a dwelling with assault and battery, aggravated assault with a firearm, and battery convictions involve the same victim and occurred in the same incident, the convictions for battery and aggravated assault with a firearm violate the constitutional prohibition against double jeopardy. McGhee is correct. We, therefore, reverse his conviction for aggravated assault with a firearm because it is subsumed into the greater offense of burglary of a dwelling with an assault or battery while armed with a firearm. . . . The conviction for battery must also be reversed because a conviction for both burglary with an assault or battery and simple battery arising from the same criminal episode also violates double jeopardy."); *Latimer v. State*, 44 So.3d 1239, 1240 (Fla. Dist. Ct. App. 2010) (double jeopardy prevented convictions for both robbery with a deadly weapon and simple assault committed during robbery); *Cronce v. State*, 216 P.3d 568, 570 (Alaska Ct. App. 2009) (double jeopardy prohibited convictions for assault by threat and assault by causing bodily injury against same victim during one incident with same dangerous instrument); *Russo v. State*, 804 So.2d 419, 421-22 (Fla. Dist. Ct. App. 2001) (double jeopardy barred two convictions for assault by threatening victim with a beer bottle and assault by swinging a shovel at him because acts were all part of a single, continuous assault); *Gresham v. State*, 725 So.2d 419, 420 (Fla. Dist. Ct. App. 1999) (woman who threatened to kill her husband with a shotgun and then immediately grabbed a knife and stabbed him could not be convicted of the two types of assault as the acts occurred in a single, uninterrupted sequence and comprised one criminal act).

kitchen, double jeopardy would not prevent two convictions because a jury could find that they were separate incidents.[15]

The line between "merged" or "subsumed" offenses involving multiple assaults or batteries, is not easy to draw.  As one judge has noted,

> Although these [assault and battery] are common law crimes, and do not, therefore, involve legislative intent, it is appropriate in determining the propriety of cumulative punishments to employ the same basic standards of common sense and fairness that largely influence the outcome of legislative intent cases. Certainly, where one person pummels another with his fists for several minutes, the law would not countenance a separate punishment for each time a blow is landed. On the other hand, if one person were to inflict various types of torture upon another during the course of the day, allowing the victim to recover consciousness between each assault, it would seem appropriate to permit separate convictions for the separate insults to the person of the victim.[16]

Dual convictions for making the threat and then the immediate carrying out of that threat to harm an assault victim is not barred by the *Blockburger*[17] "same elements" test because each subsection of the assault statue contains an element not contained by the other subsection ("bodily injury" in subsection (a)(1) and "threatens" in subsection (a)(2)).

---

[15] *See, e.g., State v. Fischer*, 82 A.3d 891, 900 (N.H. 2013) (defendant's rights against double jeopardy were not violated when he was convicted of two separate incidents of assault, the first occurring in the living room and the second in the kitchen); *State v. Leavitt*, 66 A.3d 1218, 1219 (N.H. 2013) (no double jeopardy violation when evidence showed that defendant kicked police officer once when he came to defendant's home and then again at hospital); *People v. Lugo*, 542 N.W.2d 921, 926 (Mich. Ct. App. 1995) (defendant's convictions for assault by pointing a gun at police officer and assault by hitting police officer with a broom did not violate double jeopardy principles because defendant first assaulted officer with the broom, then put it down, took officer's gun and pointed it at him; assault with the broom was completed before assault with gun began).

[16] *Snowden v. State*, 583 A.2d 1056, 1061 (Md. 1991) (McAuliffe, J., concurring).

[17] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Nonetheless, I agree with Presiding Judge Keller that "the 'threat' and 'bodily injury' elements of [assault and] robbery are simply alternative methods of committing [an assault or] a robbery."[18]  That is because the unit of prosecution for assault is *either or both* an "assault" (threat) or a "battery" (bodily injury) upon one person at one time and place. Therefore, the unit of prosecution for robbery is *either or both* an "assault" or a "battery" upon one person at one time and place during the course of a theft.[19] And, finally, the unit of prosecution for aggravated robbery is *either or both* an "assault" with a deadly weapon or a "battery" that causes serious bodily injury upon one person at one time and place during the course of a theft.

In sum, I think that, because the State proved only one unit of assaultive conduct–a threat to harm with a deadly weapon immediately followed by causing serious bodily injury–against each robbery victim at one time and place, double jeopardy principles bar two convictions for robbing Mr. Barker and two convictions for robbing Mr. Chaney.  I therefore respectfully join in the majority's resolution of this case.

Filed: May 14, 2014
Publish

---

[18] *Supra*, Concurring Op. at *13 (Keller, P.J., concurring).

[19] *Snowden v. State*, 583 A.2d 1056, 1059 (Md. 1991) (robbery is theft from a person accompanied by either a threat to harm or actual force).