LAMBERT, J.
Following a jury trial, Debonaire Dash-awn Brooks (“Brooks”) was convicted of two counts of robbery with a firearm and one count of arméd burglary of a conveyance with a, firearm. Brooks was sentenced to serve sixty-five years in the Department of Corrections on each count, *566 with the sentences running concurrently.[1] Brooks was also convicted of one count of assault, a lesser-included offense' of the charged offense of attempted carjacking with a firearm. Brooks raises five substantive issues on appeal. We conclude that Brooks has not demonstrated reversible error regarding his convictions for robbery and burglary and affirm these convictions without further discussion. We do, however, agree with Brooks that the sixty-five-year sentences imposed for the robbery and burglary convictions violate the Eighth Amendment to the United States Constitution under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), because Brooks was seventeen years old at the time he committed these crimes,[2] and the sixty-five-year sentences do not provide Brooks with a “meaningful opportunity to obtain release.” Id. at 75, 130 S.Ct. 2011. We also agree with Brooks that his separate convictions for assault and robbery violate the double jeopardy clauses of both the United States Constitution and the Florida Constitution. Accordingly, we remand this case for resentencing on the robbery and burglary convictions and with directions to vacate the conviction and sentence for the assault.
In Graham, the United States Supreme Court held, that Florida law, which permitted juvenile nonhomicide offenders to be sentenced to life-without-parole terms of imprisonment, violated the Eighth Amendment prohibition against cruel and unusual punishment. Id. at 82, 130 S.Ct. 2011. Subsequently, the Florida Supreme Court in Henry v. State, 175 So.3d 675 (Fla.2015), “concluded] that Graham prohibits the state trial courts from sentencing juvenile nonhomicide offenders to prison terms that ensure these offenders will be imprisoned without obtaining a meaningful opportunity to obtain future early release during their natural lives based on their demonstrated maturity and rehabilitation.” Id. at 680. The court determined that Henry’s ninety-year sentence was unconstitutional under Graham and directed that Henry “be resenteneed in light of the new juvenile sentencing legislation enacted by the Florida Legislature in 2014, ch. 2014-220, Laws of Fla.”[3] Id.
On the same day the Florida Supreme Court issued the Henry opinion, the court also issued Gridine v. State, 175 So.3d 672 (Fla.2015), reh’g denied (Fla. Sept. 24, 2015), “in which the court held that a seventy-year sentence imposed on a juvenile who was fourteen years old at the time he was charged was ‘unconstitutional because it fail[ed] to provide [the juvenile] with a meaningful opportunity for early release based upon a demonstration of his maturity and rehabilitation.’” Morris v. State, — So.3d -, -, 40 Fla. L. Weekly D1948, D1949, 2015 WL 4965907, at *3 (Fla. 2d DCA Aug. 21, 2015) (alterations in original) (quoting Gridine, 175 So.3d at 674-75).
“We review the constitutionality of a sentence under a de novo standard.” St. Val v. State, 174 So.3d 447, 448 (Fla. 4th *567 DCA 2015). Because we are bound by Henry and Gridine, we conclude that Brooks’s present sixty-five-year sentences are unconstitutional because they do not provide him with a meaningful opportunity for release.[4] See Morris, — So.3d at -, 40 Fla. L. Weekly at D1949 (reversing a sixty-five-year sentence imposed on a juvenile nonhomicide offender pursuant to Henry and Gridine). We reverse these sentences and remand for resentencing consistent with the provisions of Chapter 2014-220; Laws of Florida. Henry, 175 So.3d at 680; Horsley v. State, 160 So.3d 393, 409 (Fla.2015).
Brooks also challenges his conviction for simple assault under double jeopardy principles. Relying on this court’s opinion in Latimer v. State, 44 So.3d 1239 (Fla. 5th DCA 2010), Brooks argues that his. conviction for robbery subsumes the assault conviction as a'matter of law when neither the proof at trial- nor the verdict form supports a theory that a separate assault took place. The evidence in this case shows that the victims, Glinton and McDonald, were stopped on the side of the road in Glinton’s vehicle when Brooks approached the driver’s window.. He put a gun to Glinton’s head and demanded her money and phone. He also demanded McDonald’s jewelry and Glinton’s car keys. However, Brooks did not obtain possession of Glinton’s vehicle because McDonald wrestled, the gun away from Brooks, who then fled and was later arrested at a nearby motel. ,
The double jeopardy clause of the Fifth Amendment of the United' States Constitution provides: “[N]or shall any person be subject for the same offense to be twice put in jeopardy of life and limb.” U.S. Const, amend. V. The double jeopardy clause of the Florida Constitution provides that “[N]o person shall be ... twice put in jeopardy for the same offense.” Art. I,.§ 9, Fla. Const. While double jeopardy applies to both multiple- convictions and the imposition of multiple sentences, see Hayes v. State, 803 So.2d 695, 699 (Fla.2001) citing Rutledge v. United States, 517 U.S. 292, 301, 116 S.Ct. 1241, 134 L.Ed,2d 419 (1996)), the double jeopardy clause does not prohibit the Legislature from authorizing separate convictions and sentences for a defendant’s single criminal act, Borges v. State, 415 So.2d 1265, 1266-67 (Fla.1982).
In Cruller v. State, 808 So.2d 201 (Fla. 2002), the court determined that the Legislature “intended to authorize separate punishments for carjacking and robbery, when the indictment for robbery lists property other- than the motor vehicle.” Id. at 203-04. Here, Brooks was charged in count II with committing robbery of Glinton’s money and phone and in count III with attempted carjacking of Glinton’s motor- vehicle. However, on count III, Brooks was convicted of the lesser-included charge of assault. In determining whether there is a violation of double jeopardy, we analyze the conviction, not the charge. Claps v. State, 971 So.2d 131, 134 (Fla. 2d DCA 2007) (“Double jeopardy concerns require only that the trial judge filter out multiple punishments at the end of the trial, not at the beginning.”). Section 784.011(1), Florida Statutes (2012), defines an assault as “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such- other person that *568 such violence is imminent.” § 784.011(1), Fla. Stat. (2012). Unlike the carjacking statute analyzed in Cruller, nothing in the assault statute suggests that the Legislature intended or authorized separate convictions and sentences for robbery and assault arising from a single criminal act.
The State argues that Brooks did not commit a single criminal act, but committed separate distinct criminal acts of robbery and assault, thus the prohibition against double jeopardy is not applicable and the convictions and punishments for robbery and assault are proper. See Hayes, 803 So.2d at 700 (“[T]he prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts.” (citing Blockburger v. United States, 284 U.S. 299, 302-04, 52 S.Ct. 180, 76 L.Ed, 306 (1932))). In determining whether a defendant committed distinct acts, “courts should look to whether there was a separation of time, place, or circumstances between the initial • armed robbery and the subsequent [crime].... ” Id. at 704. Several factors should be considered, such as the location of the crimes, the lapse of time between the two, and whether intervening events occurred between the crimes. See id. Here, the evidence showed that the location of the crimes was the same, there was little, if any, lapse of time between the crimes, and there were .no discernible intervening events. Therefore, the State’s argument that Brooks committed separate distinct acts is unpersuasive.'
In Latimer, the defendant was convicted of robbery with a deadly weapon and assault. We affirmed the conviction for robbery, but concluded that double jeopardy principles precluded Latimer’s conviction for simple assault arising out of the same transaction. 44 So.3d at 1240. We noted that the statutory definition of robbery involved the “taking of money or other property ... from the person or custody of another ... when in the course of the taking there is the use of force, violence, assault or putting in fear.” Id. (alterations in- original) (quoting § 812.13, Fla. Stat. (2009)). We further noted that “[t]he verdict form gave no indication as to whether the jury determined that the taking in this case constituted robbery because of the accompanying assault on the victim, or based upon some separate use of force or violence.” ' Id. In such circumstance's, the verdict must be read in such a manner that gives the benefit of the doubt to the defendant. Id. (citing State v. Reardon, 763 So.2d 418, 419 n. 3 (Fla. 5th DCA 2000)). The same scenario is present in the instant case. Accordingly, because the assault and the. robbery arose from the same criminal act, the conviction for the assault must be reversed.
Finally, Brooks argues that a scrivener’s error exists in count IV of the judgment because the jury found him guilty of armed burglary of a conveyance with a firearm, yet - the judgment adjudicates Brooks guilty of burglary of a dwelling. The State responds that’ a corrected order of disposition was entered, which addressed the scrivener’s error. However, there is no amended judgment in our record reflecting a conviction of armed burglary of a conveyance with a firearm as to count IV. A defendant is entitled to an amended judgment that correctly reflects the crimes for which he has been adjudicated. See Lopez-Vasquez v. State, 966 So.2d 996, 997 (Fla. 5th DCA 2007).
-In'sum, we: (1) affirm the convictions for robbery with a firearm and armed burglary of a conveyance with a firearm, but reverse the sentences and remand for resentencing pursuant to Henry; (2) reverse the assault conviction and remand with instructions that the assault convic *569 tion and sentence be vacated; and (3) remand for entry of an amended judgment to correct the scrivener’s error in count IV.
AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA and ORFINGER, JJ., concur.

.Robbery with a firearm and armed burglary of a conveyance are first-degree felonies, punishable by -'life. See §§ 812.13(2)(a); 810.02(2)(b), Fla. Stat. (2012). Brooks also received a ten-year minimum mandatory sentence on these convictions based on the jury specifically finding that Brooks possessed a 'firearm during the course of committing these crimes. See § 775.087(2), Fla. Stat. (2014).

. Brooks was eighteen years old when he was sentenced.

. Chapter 2014-220, Laws of Florida, is now codified- in sections 775.082, 921,1401, 921.1402, Florida Statutes (2014).

. The trial judge implicitly recognized this as evidenced by his following concluding remark at sentencing: "Mr. Brooks, you probably will never be on the streets again. You probably will be spending the rest of your life in prison. If you live long enough, then maybe you will get out one day.”