NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2019-0682

THE STATE OF NEW HAMPSHIRE

v.

STEVEN M. CLARK

Argued: September 14, 2021
Opinion Issued: October 22, 2021

Office of the Attorney General, (Zachary L. Higham, assistant attorney general, on the brief and orally), for the State.


Thomas Barnard, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.


DONOVAN, J.  The defendant, Steven M. Clark, appeals his convictions, following a jury trial in the Superior Court (Delker, J.), on five counts of aggravated felonious sexual assault (AFSA), see RSA 632-A:2 (2018), one count of attempted AFSA, see RSA 632-A:2, II; RSA 629:1 (2018), and one count of felonious sexual assault (FSA), see RSA 632-A:3, III (2018).  The defendant argues that the trial court erred by admitting evidence of: (1) a victim's change in gender identity after the sexual assaults were disclosed; and (2) the defendant's display of pornographic images to his minor nephews around the time of the sexual assaults.  We conclude that the trial court properly addressed evidence of the victim's change in gender identity through voir dire and subsequent jury instructions.  We also conclude that evidence that the

defendant displayed pornographic images to his minor nephews was admissible to corroborate the victim's testimony. Further, given the evidence describing the nature of the assaults, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Lastly, the defendant asks this court to review the Superior Court's decision (Wageling, J.) to withhold some of the confidential records provided for in camera review. Because the trial court did not have the benefit of our decision in State v. Girard, 173 N.H. 619 (2020), when it conducted its in camera review, we remand for the limited purpose of reviewing the withheld confidential records in accordance with the standard set forth in Girard.

## I. Facts

The jury could have found the following facts. Between 2012 and 2014, the two minor victims, along with their older sister, regularly visited their grandparents' house to be babysat. Multiple families lived in the home, with the grandparents residing on the main floor, and the defendant and his wife, who were the victims' aunt and uncle, living in a bedroom in the basement. When the victims were being babysat, they preferred to play with the toys in the basement playroom, while the defendant often played video games in the computer room of the basement, adjacent to the playroom.

During these visits, the defendant repeatedly sexually assaulted his two youngest nieces. At least once a week, the defendant isolated the victims in the computer room, played pornography on a computer, and engaged in numerous acts of sexual contact with both victims, including one instance of sexual penetration with one of the victims. In January 2014, the victims told their parents about the sexual assaults. The parents informed the New Hampshire Division for Children, Youth and Families (DCYF), and a criminal investigation followed.

More than four years later, the State charged the defendant with seven counts of AFSA, one count of attempted AFSA, and one count of FSA. After the sexual assaults were disclosed, the younger victim changed their gender identity from female to male, and began using male pronouns and a new gender-affirming name. Prior to trial, the defendant filed a motion in limine to preclude any reference to the younger victim's change in gender identity. The trial court denied the motion, but issued instructions to the venire panel and in its subsequent jury instructions to mitigate any potential prejudice.

At trial, the older victim testified but the younger victim did not. On direct examination, the older victim recounted an instance when the defendant told her that he tried to show his two minor nephews (the victims' cousins) "inappropriate videos and pictures," and that the younger nephew "freaked out." The defendant objected, citing New Hampshire Rule of Evidence 404(b). The court overruled the objection. The State later elicited corroborating

testimony from the older nephew that on one occasion while visiting the grandparents' house, the defendant showed him and his brother several photographs of naked women on his tablet. By contrast, the younger nephew testified that he did not remember the defendant ever showing him or his brother pornographic images. The defendant testified and denied sexually assaulting the victims or sharing pornographic images with his nephews. During trial, the court dismissed two of the AFSA charges for insufficient evidence. The jury found the defendant guilty on the remaining seven charges. This appeal followed.

## II. Standard of Review

We review the trial court's evidentiary rulings for an unsustainable exercise of discretion and reverse only if the court's decision was clearly untenable or unreasonable to the prejudice of the defendant's case. State v. Fiske, 170 N.H. 279, 286 (2017). We consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. Id. The defendant bears the burden of demonstrating that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

## III. Analysis

### A. Motion to Exclude Evidence of Younger Victim's Transition

The defendant argues that the trial court erred by denying his motion in limine to preclude evidence of the younger victim's change in gender identity. Specifically, the defendant argues that the evidence is irrelevant, and therefore inadmissible, because the younger victim identified as female during the charged conduct and thus her subsequent gender transition had no tendency to make it more or less probable that the defendant committed the sexual assaults. See N.H. R. Ev. 401, 402. In addition, the defendant argues that admitting this evidence violated Rule 403 because the probative value of the gender transition, even if relevant, was substantially outweighed by the danger of unfair prejudice that the jury would misattribute the transition to past sexual trauma. See N.H. R. Ev. 403.

Under Rule 401, evidence is relevant if it has "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." N.H. R. Ev. 401. Here, the trial court determined that the younger victim's gender transition was "relevant to the juror's assessment of witness credibility, even though there is no evidence [the transition] has anything to do with the alleged sexual assaults." We agree. The State relied exclusively upon the older victim's testimony to provide a first-hand account of the sexual assaults. Forcing the older victim to ignore the younger victim's change in gender identity when testifying about the younger victim at different points in time could have infected her testimony with a level

of artificiality or hesitancy, potentially detracting from her credibility in the eyes of the jury.  Considering that the defendant's case rested primarily on discrediting the older victim's testimony, it follows that any evidence affecting her credibility was highly relevant and likewise highly probative.  See Fiske, 170 N.H. at 287 (concluding evidence affecting witness credibility meets the standard for relevance).

Next, we turn to the defendant's Rule 403 argument.  Under the balancing test of Rule 403, we examine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant.  State v. Tabaldi, 165 N.H. 306, 322-23 (2013).  When weighing the evidence, we consider: (1) whether the evidence would have a great emotional impact upon a jury; (2) its potential for appealing to a juror's sense of resentment or outrage; and (3) the extent to which the issue upon which it is offered is established by other evidence, stipulation, or inference.  Id.  Further, the trial court is in the best position to gauge the impact of prejudicial testimony and what steps to take to remedy that prejudice.  Id. at 323.  Thus, we give the trial court broad latitude when ruling on the admissibility of potentially unfairly prejudicial evidence.  Id.

We find no error here.  As explained above, the evidence was probative of witness credibility.  The court mitigated the risk of unfair prejudice during jury selection and in its subsequent jury instructions.  During voir dire, the trial court stated:

> In this case, you will also likely hear evidence that one of the alleged victims identified as a female at the time of the alleged act, but now identifies as a male. Do you have any prejudices or strong feelings on the issue of gender identity which would affect your ability to be a fair and impartial juror if you're chosen as a juror on this case, based on this fact alone?

> So in this case -- you will not hear any evidence in this case that the gender transition was caused by the Defendant's alleged conduct or otherwise had any connection to the allegations [against] the Defendant in this case. So if you're chosen as a juror in this case, the Court will instruct you that you are not allowed to use the gender transition as evidence against the Defendant, nor are you allowed to infer, assume, or conclude that that individual's gender transition was connected in any way to the accusations against the Defendant. Do you have any strong, moral, religious, or personal opinions that would prevent you from following these instructions that the Court would give to you if you were chosen as a juror in this case?

> The lawyers and the witnesses in this case, when they refer to one of the alleged victims alternatively as [the younger victim's birth name and/or

4

gender-affirming name], does anyone have any strong feelings that they cannot evaluate the evidence impartially if that occurs -- that is that the witnesses and lawyers refer to this individual alternatively [as the younger victim's birth name and/or gender-affirming name]?

The record reflects that four venire members responded to these questions by acknowledging they could not be impartial and were excused. Later, in response to counsel's question about the connection between trauma and gender transition, one juror offered that she knew someone who changed their gender identity after experiencing trauma, explaining, "I think for some people that is . . . a reason. I think, for other people, that's not a reason." The juror was later seated and participated in the verdict. At oral argument, the defendant argued that this juror's statement demonstrates that the trial court's inquiries during voir dire failed to mitigate the danger of unfair prejudice. We disagree. Rather than evincing juror bias, the juror's response affirms the juror's ability to consider the question on a case-by-case basis. Moreover, nothing about the juror's response indicates that the juror was unable or unwilling to follow the trial court's instructions not to use the gender transition as evidence against the defendant. Therefore, we find nothing in the record to support the defendant's contention that the trial court failed to adequately address the danger of unfair prejudice during voir dire.

Prior to deliberation, the court also issued jury instructions, stating that "there's absolutely no evidence in this case that this gender transition was caused by the Defendant's alleged conduct." The trial court further explained the jurors were "not allowed to use the gender transition as evidence against the Defendant." This court presumes the jury follows the instructions given by the trial court. State v. Leavitt, 165 N.H. 32, 34 (2013). Accordingly, the trial court's instructions further mitigated any potential prejudice to the defendant. See State v. Colbath, 171 N.H. 626, 636 (2019) ("A trial court can diminish or eliminate the danger of unfair prejudice by issuing a limiting instruction to the jury.").

Even so, the defendant counters that a limiting instruction cannot mitigate the unfair prejudice here. In support, the defendant relies on State v. Woodard, 146 N.H. 221 (2001), as an example of a prejudice so strong that this court concluded a limiting instruction was insufficient to prevent it. In Woodard, the contested evidence concerned the defendant's prior homosexual relationship with the victim's mother. Id. at 224-25. We held that the prior relationship had little probative value because it was cumulative of other evidence offered to explain the mother's failure to report the abuse to the authorities. Id. We also determined that the evidence was unfairly prejudicial to the defendant based upon juror bias "concerning homosexual conduct." Id. at 225. Further, this bias "was particularly relevant" in a case where evidence of the homosexual relationship invited the jury to conclude the defendant was

5

more likely to have committed the alleged sexual assaults against a same-sex victim. <u>Id</u>. We therefore concluded that a limiting instruction would not have cured the prejudice, but rather would have emphasized it. <u>Id</u>.

Because we reject the defendant's premise that "[j]ust as jurors, in the late 1990s, may have believed that homosexual conduct was linked to child sexual assault, the jurors here may have believed that being transgender is linked to child sexual assault," his reliance on <u>Woodard</u> is unavailing. Here, evidence of a non-testifying victim's gender transition did not pose a similar risk of inviting the jury to reason that the defendant was more likely to have engaged in the alleged conduct based upon the younger victim's subsequent actions. <u>See</u> <u>State v. Hall</u>, 148 N.H. 671, 676 (2002) (concluding that <u>Woodard</u> was "easily distinguishable" because the disputed evidence "did not relate to the <u>defendant's</u> homosexual conduct, and the defendant was not charged with homosexual assaults"). Further, unlike <u>Woodard</u>, where <u>voir</u> <u>dire</u> was not a factor in our analysis, the trial court here conducted significant <u>voir</u> <u>dire</u> to mitigate any potential juror bias concerning gender transition. Indeed, the trial court specifically asked the venire members whether they possessed any personal biases that would prevent them from following a later jury instruction that they were "not allowed to use the gender transition as evidence against the Defendant." Therefore, our rationale in <u>Woodard</u>, that a limiting instruction was insufficient to cure the prejudice, is inapplicable. <u>Cf</u>. <u>Woodard</u>, 146 N.H. at 225.

### B. Pornographic Images Displayed to the Minor Nephews

The defendant next argues that the trial court violated Rule 404(b) by admitting evidence that he displayed pornographic images to his minor nephews around the time of the sexual assaults. While evidence of other bad acts is inadmissible "to prove the character of a person in order to show that the person acted in conformity therewith," such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." <u>N.H. R. Ev.</u> 404(b)(1). Such evidence is admissible only if: (1) "it is relevant for a purpose other than proving the person's character or disposition"; (2) "there is clear proof, meaning that there is sufficient evidence to support a finding by the fact-finder that the other crimes, wrongs or acts occurred and that the person committed them"; and (3) "the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." <u>N.H. R. Ev.</u> 404(b)(2). The State bears the burden of demonstrating the admissibility of prior bad acts. <u>State v. Ericson</u>, 159 N.H. 379, 388 (2009). Only the first and third prongs are at issue here.

To satisfy the first prong, "the State is required to specify the purpose for which the evidence is offered and articulate the precise chain of reasoning by which the proffered evidence will tend to prove or disprove an issue actually in

6

dispute, without relying upon forbidden inferences of predisposition, character, or propensity." State v. Thomas, 168 N.H. 589, 599 (2016) (quotation omitted). "Should the trial court rule the evidence admissible, it must articulate for the record the theory upon which the evidence is admitted, without invoking propensity, and explain precisely how the evidence relates to the disputed issue." Id. at 600 (quotation omitted).

Here, the trial court found that evidence of the defendant sharing pornographic images with his nephews was relevant to corroborate the older victim's testimony.[1] In admitting the evidence, the trial court considered that the older nephew discussed the same incident during his Child Advocacy Center interview and that the State anticipated that he would testify "consistently" with the older victim. We conclude that the trial court did not unsustainably exercise its discretion. At trial, the defendant argued that the consistent presence of other family members in the home made it improbable that he was able to commit the series of sexual assaults undetected, as the older victim testified. Yet, during both the sexual assaults and the pornography-sharing incident, the evidence established that the defendant was able to isolate the children in the basement and engage in prurient conduct without interruption. Additionally, the older victim testified that she only knew of the incident because the defendant told her that he tried to show the nephews "inappropriate videos and pictures" and that the younger nephew "freaked out."

Therefore, the consistencies between the older victim's and the older nephew's testimony corroborate the older victim's testimony of the defendant's use of internet pornography and her testimony as to the defendant's prior admissions to her. As a result, evidence of the defendant's use of pornography was relevant to corroborate the older victim's testimony and the jury's ability to evaluate her credibility — one of the central issues in the case. See, e.g., State v. Russell, 159 N.H. 475, 483-84 (2009) (finding witness credibility an exception to Rule 404(b)); State v. Beltran, 153 N.H. 643, 648-49 (2006) (same). Accordingly, we cannot conclude that the trial court's ruling was clearly untenable or unreasonable.

Under the third prong of the Rule 404(b) analysis, the State must demonstrate that the danger of unfair prejudice to the defendant does not substantially outweigh the probative value of the evidence. Colbath, 171 N.H. at 633. Evidence is unfairly prejudicial if "its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to

---

[1] We note that the trial court initially ruled that evidence of the pornography-sharing incident was admissible "for a couple of reasons," including placing the defendant's interaction with the children in "context" and to corroborate the older victim's testimony. However, the trial court ultimately instructed the jury that it could only consider this evidence for the "limited purpose" of "evaluating the credibility of [the older victim's] testimony." Accordingly, our review of the admissibility of this evidence is limited to the purpose set forth in the trial court's jury instruction.

7

punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." Id. at 636 (quotation omitted). However, evidence is not prejudicial merely because it is detrimental to the defendant, and therefore tends to prove his guilt. Ericson, 159 N.H. at 389.

The record supports the trial court's conclusion that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The case was, in large part, a credibility contest between the defendant and the older victim. It therefore follows that any evidence bearing on witness credibility was highly probative. Further, the court instructed the jury that the evidence was only "relevant for the purpose of evaluating the credibility of the older victim's testimony" and that the jury was not to consider this evidence as evidence of the defendant's propensity to engage in bad acts or in the acts alleged against him in the indictments. This limiting instruction diminished any potential prejudice, see Colbath, 171 N.H. at 637, and we presume the jury follows the instructions given by the trial court, Leavitt, 165 N.H. at 34. Moreover, given the nature of the case, in which the jury heard intimate details of the defendant repeatedly sexually assaulting his minor nieces, evidence that he shared pornographic images with his nephews was not inflammatory so as to unfairly prejudice the defendant. See State v. Howe, 159 N.H. 366, 378 (2009) (concluding disputed evidence not inflammatory when the jury had already been exposed to similar conduct by nature of the offense).

## C. Review of Confidential Records

As a final matter, the defendant asks this court to review the confidential records provided by DCYF to the trial court for in camera review and determine whether the court erred in failing to disclose any records. Because the defendant was convicted in August 2019, the trial court did not have the benefit of our decision in State v. Girard, 173 N.H. 619 (2020), which clarified the standard for determining whether confidential records must be disclosed. Therefore, we remand to the trial court for the limited purpose of reviewing the withheld confidential records in accordance with the standard set forth in Girard.

On or before November 22, 2021, the trial court shall review the withheld confidential records, which are being transferred with this opinion, and shall report the results of its review to this court. If the trial court determines that it would have disclosed any of the records that it withheld had it applied the standard set forth in Girard, it shall order a new trial unless it determines that its failure to disclose such records was harmless beyond a reasonable doubt. Id. at 630. If the trial court determines under Girard that it would have ordered the disclosure of any of the withheld records, but that its failure to disclose such records was harmless beyond a reasonable doubt, it shall identify in its report the records that it would have disclosed, but shall not disclose

8

such records to the parties. Unless the trial court determines that the defendant is entitled to a new trial, the clerk of the Rockingham County Superior Court shall transfer the confidential records to this court after the trial court has completed its review of the records and has reported the results of the review to this court. All further processing of this appeal is stayed until the trial court completes its review in accordance with this opinion.

## IV. Conclusion

For the foregoing reasons, we affirm in part and remand. Any issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived. State v. Bazinet, 170 N.H. 680, 688 (2018).

Remanded.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.