ORFINGER, J.
Rodrick D’Anthony Williams, a juvenile at the time the charged crimes occurred, appeals his convictions and sentences for first-degree murder and kidnapping. Williams contends that the trial court erred when it denied his pre-trial motion to suppress his confession, admitted certain evidence at trial, and by imposing a *144 life sentence for first-degree murder. We affirm Williams’s convictions without comment. However, we reverse Williams’s sentence for first-degree murder and remand for a new sentencing hearing.[1]
In Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” Prior to Miller, the only lawful sentence in Florida for premeditated murder committed by a juvenile was life in prison without the possibility of parole. See Washington v. State, 103 So.3d 917, 918 (Fla. 1st DCA 2012) (observing that only two sentences available under 2009 version of section 775.082(1) for capital felonies were death or mandatory life without possibility of parole, and that Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), had invalidated death penalty for defendants who were juveniles at time offense was committed). No statutory authority existed under Florida law authorizing a sentencing court to comply with Miller, creating considerable uncertainty regarding the proper sentence to impose on a juvenile convicted of first-degree murder.[2] See Hernandez v. State, 117 So.3d 778, 783 (Fla. 3d DCA 2013) (recognizing that, since Miller was decided, Florida’s district courts have uniformly observed that Miller “opened a breach in Florida’s sentencing statutes”).
In Horsley v. State, 121 So.3d 1130 (Fla. 5th DCA), review granted, Nos. SC13-1938, SC13-2000, 2013 WL 6224657 (Fla. Nov. 14, 2013) (“Horsley I ”), this Court, in an effort to fill that breach, adopted the “statutory revival” approach, initially articulated by Judge Makar’s separate opinion in Partlow v. State, 134 So.3d 1027 (Fla. 1st DCA 2013), and held that the only sentence available in Florida for a juvenile convicted of capital murder was life with the possibility of parole after twenty-five years. We certified to the supreme court the question of what remedy applies for juvenile offenders whose sentences violate the Eighth Amendment based on Miller.
After the Florida Supreme Court accepted jurisdiction in Horsley I, the Florida Legislature, responding to Miller and its predecessor, Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which invalidated life without parole sentences for juveniles convicted of non-homicide offenses, enacted legislation designed to bring Florida’s juvenile sentencing statutes into compliance with the United States Supreme Court’s Eighth Amendment juvenile sentencing jurisprudence. See ch. 2014-220, Laws of Fla. This legislation provided an effective date of July 1, 2014, leaving open the question of the proper remedy for juvenile offenders, such as Williams, who were sentenced for crimes committed prior to July 1, 2014, but post-Miller.
In Horsley v. State, 160 So.3d 393 (Fla. 2015) (“Horsley II ”), the Florida Supreme Court answered that question, holding that, notwithstanding the prospective nature of chapter 2014-220, Laws of Florida, the appropriate remedy for cases involving juvenile offenders whose sentences are unconstitutional under Miller is to apply chapter 2014-220, Laws of Florida. The *145 court concluded that “applying chapter 2014-220, Laws of Florida, to all juvenile offenders whose sentences are unconstitutional under Miller is the remedy most faithful to the Eighth Amendment principles established by the United States Supreme Court, to the intent of the Florida Legislature, and to the doctrine of separation of powers.” Horsley II, 160 So.3d at 406. In reaching this conclusion, the supreme court rejected the statutory revival remedy we adopted in Horsley I. Id. at 406-08. Therefore, while the trial court properly followed our direction in Horsley I in imposing Williams’s sentence, applying Horsley II, we conclude that Williams is entitled to a new, individualized resentenc-ing hearing.
We thus affirm Williams’s convictions, but reverse Williams’s sentence for first-degree murder. On remand, the trial court shall hold an individualized sentencing hearing pursuant to section two of chapter 2014-220, Laws of Florida, to consider the enumerated and other pertinent factors “relevant to the offense and [Williams’s] youth and attendant circumstances.” Ch. 2014-220, § 2, Laws of Fla. Because the jury did not find that Williams actually possessed and discharged a firearm during the crime, the court must make a written finding as to whether Williams killed, intended to kill, or attempted to kill the victim. Ch. 2014-220, § 1, Laws of Fla. Based on that determination, after holding the individualized hearing, the trial court may sentence Williams to life imprisonment if it finds that life is an appropriate sentence. Id. If the trial court determines that life is not an appropriate sentence, then it should sentence Williams to a term of at least forty years’ imprisonment. Id. Either way, unless Williams has a prior conviction of a felony enumerated in section three of chapter 2014-220, Laws of Florida, arising out of a separate criminal transaction or episode, he will receive a judicial review of his sentence after fifteen or twenty-five years, depending on the court’s determination. See ch. 2014-220, § 3, Laws of Fla.
CONVICTIONS AFFIRMED; REVERSED IN PART FOR NEW SENTENCING HEARING.
LAWSON, C.J. and TORPY, J., concur.

. We do not consider the legality of Williams’s fifty-year sentence for kidnapping because that issue was not raised on appeal.

. Juveniles are still constitutionally eligible for life without parole, but Miller requires an individualized determination that a defendant is “the rare juvenile offender whose crime reflects irreparable corruption.” 132 S.Ct. at 2469 (quoting Roper, 543 U.S. at 573, 125 S.Ct. 1183; Graham v. Florida, 560 U.S. 48, 73, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)).