NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ADAM LUKE MOYER, | ) | |
| Appellant, | ) | |
| v. | ) | Case No. 2D14-1679 |
| STATE OF FLORIDA, | ) | |
| Appellee. | ) | |

Opinion filed December 23, 2015.

Appeal from the Circuit Court for
Pasco County; Mary M. Handsel, Judge.

Howard L. Dimmig, II, Public Defender,
and Deana K. Marshall, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.

SALARIO, Judge.

Adam Moyer appeals from his judgment and sentence for first-degree

murder. He was sentenced to life with the possibility of parole after twenty-five years.

After a careful review of the parties' submissions and the record, we find no reversible

error in the conviction and affirm it without further comment. In light of the supreme

court's intervening decision in Horsley v. State, 160 So. 3d 393 (Fla. 2015), we are required to reverse Mr. Moyer's sentence and remand for a new sentencing hearing.

Mr. Moyer was seventeen years old at the time of the offense and was sentenced on April 4, 2014. At that time, section 775.082(1), Florida Statutes (2013), provided for a mandatory sentence of life imprisonment without eligibility for parole. As applied to a juvenile offender like Mr. Moyer, however, a mandatory life-without-parole sentence had been held unconstitutional by Miller v. Alabama, 132 S. Ct. 2455 (2012), which concluded that such a sentencing scheme violated the Eighth Amendment to the United States Constitution. When Mr. Moyer appeared for sentencing, our supreme court was considering but had not decided Horsley—which addressed the question of how, in the wake of Miller, courts were to sentence juvenile offenders in the absence of a constitutional statutory sentencing alternative. Horsley, 160 So. 3d at 394-95.

The trial court answered that question by sentencing Mr. Moyer to life with the possibility of parole after twenty-five years pursuant to the 1993 version of section 775.082(1). It applied that statute pursuant to the doctrine of statutory revival, which "provides a mechanism for filling an intolerable gap in the law by reverting to prior statutory language." Partlow v. State, 134 So. 3d 1027, 1033-34 (Fla. 1st DCA 2013) (Makar, J., concurring in part and dissenting in part) (arguing for the application of section 775.082(1) to similar cases)). After the trial court sentenced Mr. Moyer, and while the supreme court was still considering Horsley, the legislature adopted and the governor signed chapter 2014-220, Laws of Florida, which filled the gap left by Miller by providing the standards and procedures by which juveniles were to be sentenced for

offenses that previously would have called for a mandatory life-without-parole sentence. See §§ 921.1401, .1402, Fla. Stat. (2014).

Although chapter 2014-220 did not by its terms become effective until July 1, 2014, the supreme court in Horsley held that the statute should nonetheless apply to post-Miller sentences imposed before the statutory effective date. 160 So. 3d at 405-06. In so holding, the supreme court expressly rejected the alternative of applying the 1993 version of section 775.082(1) pursuant to the doctrine of statutory revival. Id. at 406-08. Because it is now clear that Mr. Moyer should receive individualized sentencing consideration in accord with chapter 2014-220 and that the doctrine of statutory revival does not apply here, we reverse Mr. Moyer's sentence and remand for resentencing in accord with the new enactment. See 160 So. 3d at 408 ("[A]ll juvenile offenders must receive individualized consideration before the imposition of a life sentence and . . . most juvenile offenders are eligible for a subsequent judicial review of their sentences."); Williams v. State, 171 So. 3d 143 (Fla. 5th DCA 2015) (recognizing the supreme court's rejection of the statutory revival remedy, reversing juvenile defendant's sentence for first-degree murder, and remanding for an individualized sentencing hearing); see also Morris v. State, 40 Fla. L. Weekly D1948 (Fla. 2d DCA Aug. 21, 2015) (remanding for similar individualized sentencing hearing).

Affirmed in part; reversed in part; remanded for resentencing.


LaROSE and MORRIS, JJ., Concur.