IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


RODERICK D'ANTHONY WILLIAMS,

      Appellant,

 v.                                                                Case No. 5D16-1348

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for St. Johns County,
J. Michael Traynor, Judge.

Valarie Linnen, Atlantic Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


WALLIS, J.

    Roderick D'Anthony Williams ("Appellant") appeals his sentences for first-degree

murder and kidnapping. We find that one of Appellant's arguments on appeal warrants

discussion. Appellant argues the trial court erred by denying his motion to empanel a jury

to make a factual finding as to whether he actually killed, intended to kill, or attempted to

kill the victim. We affirm the trial court's denial of Appellant's motion to empanel a jury and

uphold his sentences, but we certify a question to our supreme court as one of great public importance.

In 2010, the State charged Appellant, then sixteen years old, by grand jury indictment with first-degree murder (count 1) and kidnapping (count 2) for his role in the death of James Vincent Brookins (the "victim"), whose body was discovered in the trunk of an abandoned car in rural St. Johns County. With regard to count 1, the State charged Appellant with premeditated first-degree murder, but also included theories of felony murder and accessory to first-degree murder. Ultimately, the verdict form listed only "First Degree Murder," without differentiating between premeditated and felony murder. The jury convicted Appellant as charged, and the trial court sentenced Appellant to life imprisonment with the possibility of parole after twenty-five years on count 1 and fifty years' incarceration on count 2.

Appellant directly appealed his convictions and sentences, challenging several rulings on the admissibility of evidence at trial. While his direct appeal was pending, Appellant filed a Florida Rule of Criminal Procedure 3.800(b) motion to correct his sentence, reasoning that the United States Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012), rendered unconstitutional his life sentence for first-degree murder. Williams v. State, 171 So. 3d 143, 144 (Fla. 5th DCA 2015). Our court agreed with Appellant, reversing and remanding for resentencing under chapter 2014-220, Laws of Florida. Id. at 145. Our court elaborated on its instructions upon remand as follows:

> Because the jury did not find that [Appellant] actually possessed and discharged a firearm during the crime, the court must make a written finding as to whether [Appellant] killed, intended to kill, or attempted to kill the victim. Based on

2

that determination, after holding the individualized hearing, the trial court may sentence [Appellant] to life imprisonment if it finds that life is an appropriate sentence. If the trial court determines that life is not an appropriate sentence, then it should sentence Appellant to a term of at least forty years' imprisonment. Either way, unless [Appellant] has a prior conviction of a felony enumerated in section three of chapter 2014–220, Laws of Florida, arising out of a separate criminal transaction or episode, he will receive a judicial review of his sentence after fifteen or twenty-five years, depending on the court's determination.

Id. (citations omitted).

Upon remand, Appellant moved to empanel a jury, arguing that a jury, not the trial court, must make the determination as to whether he actually killed, intended to kill, or attempted to kill the victim pursuant to Alleyne v. United States, which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. 2151, 2155 (2013). The trial court denied Appellant's motion, reasoning that our court in the predecessor case specifically ordered the trial court to make the aforementioned factual finding. After a hearing, the trial court entered an order finding that Appellant actually killed and intended to kill the victim, subsequently resentencing Appellant to life imprisonment with a review hearing after twenty-five years on count 1 and fifty years' imprisonment with a review hearing after twenty years on count 2.

"The legality of a sentence is a question of law and is subject to de novo review." Pinkard v. State, 185 So. 3d 1289, 1289-90 (Fla. 5th DCA 2016) (quoting Flowers v. State, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005)). The relevant statutory section at issue in this case provides:

1. A person who actually killed, intended to kill, or attempted to kill the victim and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18

3

years of age shall be punished by a term of imprisonment for life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. If the court finds that life imprisonment is not an appropriate sentence, such person shall be punished by a term of imprisonment of at least 40 years. A person sentenced pursuant to this subparagraph is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(a).

2. A person who did not actually kill, intend to kill, or attempt to kill the victim and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18 years of age may be punished by a term of imprisonment for life or by a term of years equal to life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. A person who is sentenced to a term of imprisonment of more than 15 years is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(c).

3. The court shall make a written finding as to whether a person is eligible for a sentence review hearing under s. 921.1402(2)(a) or (c). Such a finding shall be based upon whether the person actually killed, intended to kill, or attempted to kill the victim. The court may find that multiple defendants killed, intended to kill, or attempted to kill the victim.

§ 775.082(1)(b), Fla. Stat. (2016).

In Alleyne, the defendant was convicted of robbery with a firearm. 133 S. Ct. at 2156. The applicable sentencing statute prescribed mandatory-minimum sentences of five years for carrying a weapon, seven years for brandishing a weapon, and ten years for discharging a weapon during the commission of a crime of violence. Id. at 2155-56. The jury found that the defendant used or carried a firearm during his offense, but did not find that he brandished or discharged the weapon. Id. However, the trial court nonetheless found that the defendant brandished a weapon during the commission of his offense and

applied the seven-year minimum. Id. The Supreme Court reversed, reasoning that, "[b]ecause the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights." Id. at 2163–64.

Appellant contends that the trial court similarly erred by failing to empanel a jury to determine whether he actually killed, intended to kill, or attempted to kill the victim. Because the affirmative finding in the case at bar increases both the mandatory-minimum from zero years to forty years—if the sentencing court determines that life is not an appropriate sentence—and the time for a sentence review hearing from fifteen years to twenty-five years, Appellant argues this issue must be determined by the jury by proof beyond a reasonable doubt.

Although Appellant's argument initially appears to have merit, we note that our supreme court, under circumstances similar to those in this case, did not direct a jury to make the factual finding as to whether the juvenile defendant actually killed, intended to kill, or attempted to kill the victim. Falcon v. State, 162 So. 3d 954, 963 (Fla. 2015). Rather, the court specifically directed the trial court to make this finding, reasoning that the record did not "conclusively establish this fact" because "the jury did not find [the defendant] to have had actual possession of a firearm during the attempted armed robbery." Id. at 963 n.4.

In light of Falcon, we find that the trial court did not err by denying Appellant's motion to empanel a jury. Our supreme court has expressly authorized a trial court to make the factual determination as to whether a defendant actually killed, attempted to kill,

5

or intended to kill a victim. See id. at 963. However, because Falcon did not address the applicability of Alleyne—as it does not appear that either party raised that issue—we certify the following question to the Florida Supreme Court as one of great public importance:

> DOES ALLEYNE V. UNITED STATES, 133 S. CT. 2151 (2013), REQUIRE THE JURY AND NOT THE TRIAL COURT TO MAKE THE FACTUAL FINDING UNDER SECTION 775.082(1)(b), FLORIDA STATUTES (2016), AS TO WHETHER A JUVENILE OFFENDER ACTUALLY KILLED, INTENDED TO KILL, OR ATTEMPTED TO KILL THE VICTIM?

AFFIRMED; QUESTION CERTIFIED.

EVANDER and LAMBERT, JJ., concur.