IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MORGAN AMANDA LEPPERT,

      Appellant,

v.                                                                  Case No.  5D16-2238

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 27, 2017

Appeal from the Circuit Court
for Putnam County,
Patti A. Christensen, Judge.

Valarie Linnen, Atlantic Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Morgan Amanda Leppert appeals her judgment and sentence for first-degree

murder, burglary with assault or battery, and robbery with a deadly weapon.  Leppert

raises four issues:  1) her lengthy sentence violates the Eighth Amendment prohibition

against cruel and unusual punishment laid out in Graham v. Florida, 560 U.S. 48 (2010);

2) the trial court erred in not having a jury determine whether she killed, intended to kill,

or attempted to kill the victim; 3) the trial court erred in finding that she killed, intended to kill, or attempted to kill the victim; and 4) Leppert's fifty-year sentences for the burglary and robbery charges violate the Eighth Amendment because they are de facto life sentences that fail to provide her with a meaningful opportunity for release and rehabilitation. We affirm on these issues.

As to the second issue, the trial court made the requisite finding required by section 775.082, Florida Statutes (2016), that Leppert killed, intended to kill, or attempted to kill the victim. Leppert contends that the jury was required to make this finding under the statute. In a strikingly similar case, this court recently determined that the trial court did not err in making such a finding. Williams v. State, 42 Fla. L. Weekly D363 (Fla. 5th DCA Feb. 10, 2017) ("Our supreme court has expressly authorized a trial court to make the factual determination as to whether a defendant actually killed, attempted to kill, or intended to kill a victim." (citing Falcon v. State, 162 So. 3d 954, 963 (Fla. 2015))).

Lastly, we note that the trial court provided in Leppert's sentence that she was eligible for a judicial review hearing after twenty-five years for all three charges. Pursuant to section 921.1402(2)(d), Florida Statutes (2016), Leppert was entitled to a review of her robbery and burglary convictions after twenty years. § 921.1402(2)(d), Fla. Stat. (2016). We accordingly reverse that part of the sentencing order and remand this case for entry of an amended sentencing order consistent with this opinion.

As we did in Williams, we certify the following question to the Florida Supreme Court as one of great public importance:

> DOES ALLEYNE V. UNITED STATES, 133 S. CT. 2151
> (2013), REQUIRE THE JURY AND NOT THE TRIAL COURT
> TO MAKE THE FACTUAL FINDING UNDER SECTION
> 775.082(1)(b), FLORIDA STATUTES (2016), AS TO

WHETHER A JUVENILE OFFENDER ACTUALLY KILLED, INTENDED TO KILL, OR ATTEMPTED TO KILL THE VICTIM?

AFFIRMED in part; REVERSED in part; REMANDED; QUESTION CERTIFIED.

SAWAYA, BERGER and WALLIS, JJ., concur.