IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MORGAN AMANDA LEPPERT,

      Appellant,

 v.                                 Case No. 5D16-2238

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 13, 2018

Appeal from the Circuit Court
for Putnam County,
Patti A. Christensen, Judge.

Valarie Linnen, Atlantic Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

PER CURIAM.

Pursuant to the Florida Supreme Court's directive in Leppert v. State, 43 Fla. L.

Weekly S267, S267 (Fla. June 15, 2018), we withdraw the mandate issued in this case

on May 11, 2017, and our previously issued opinion.

Morgan Amanda Leppert was convicted of first-degree murder, burglary with assault or battery, and robbery with a deadly weapon. Leppert raised four issues in the direct appeal of her judgment and sentence, which we affirmed in Leppert v. State, 215 So. 3d 146, 147 (Fla. 5th DCA 2017). In her second issue, Leppert argued that the trial court erred in not having a jury determine whether she killed, intended to kill, or attempted to kill the victim. Based upon our precedent in Williams v. State, 211 So. 3d 1070, 1073 (Fla. 5th DCA 2017), we held that the trial court did not err in making the written finding required by section 775.082(1)(b), Florida Statutes (2016). In both cases, we certified a question to the Florida Supreme Court as to whether Alleyne v. United States, 570 U.S. 99 (2013), required the jury rather than the trial court to make this finding.

The Florida Supreme Court recently answered this question and held that "Alleyne requires the jury to make the factual finding under section 775.082(1)(b) as to whether a juvenile offender actually killed, intended to kill, or attempted to kill the victim." Williams v. State, 242 So. 3d 280, 294 (Fla. 2018). The court therefore quashed our decisions in Williams and Leppert and remanded the cases for reconsideration. Id.; Leppert, 43 Fla. L. Weekly at S267. The three issues raised by Leppert in her direct appeal that were not related to Williams were not affected by the Florida Supreme Court's determination. Therefore, as to these issues, we affirm without further discussion.

In the case at hand, the jury was instructed on first-degree premeditated murder and first-degree felony murder with burglary or robbery as the underlying felony. The verdict form did not require the jury to specify under which theory it found Leppert guilty. Based upon a similar fact pattern, the Florida Supreme Court determined in Williams that there was no clear jury finding that the defendant actually killed, intended to kill, or

attempted to kill the victim and that the error was not harmless. 242 So. 3d at 289, 291. The court further held that "[w]here the error cannot be deemed harmless, the proper remedy is to resentence the juvenile offender pursuant to section 775.082(1)(b)2., Florida Statutes (2016)." Id. at 282. Because we conclude that the error was not harmless, we reverse the sentence imposed for the murder conviction and remand for Leppert to be resentenced on that charge pursuant to section 775.082(1)(b)2.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, BERGER and WALLIS, JJ., concur.